655 S.E.2d 509

**HIGHMARK WEST VIRGINIA, INC., d/b/a Mountain State Blue Cross Blue Shield, a West Virginia Corporation, Plaintiff Below, Appellee**

v.

**Sharooz S. JAMIE, M.D, Defendant Below, Appellant.**

No. 33309.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 24, 2007.

Decided Nov. 20, 2007.

488

Kristin A. Boggs, Esq., Goodwin & Goodwin, Charleston, WV, for Appellant.

Ancil G. Ramey, Esq., Kara L. Cunningham, Esq., Russell D. Jessee, Esq., Steptoe & Johnson Charleston, WV, for Appellee.

## PER CURIAM.

This matter is before this Court upon the appeal of Sharooz S. Jamie, M. D., defendant below, from the February 27, 2006, order of the Circuit Court of Wood County, West Virginia, dismissing his Second Amended Counterclaim with prejudice in an action wherein the plaintiff, Highmark West Virginia, Inc., d/b/a Mountain State Blue Cross Blue Shield (hereinafter "Mountain State"), sought recovery for alleged overpayments made to Dr. Jamie pursuant to his participation as a provider under Mountain State's medical benefit program. On August 15, 2006, the Circuit Court entered an order denying the appellant's motion to alter or amend the order of dismissal.

On September 1, 2006, the Circuit Court facilitated an appeal from the dismissal by entering a final judgment in favor of Mountain State upon the appellant's Second Amended Counterclaim. That ruling was made pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure which authorizes the entry of judgment upon one or more but fewer than all of the claims in an action upon a determination that there is no just reason for delay. As a result, further proceedings in the Circuit Court were stayed pending this Court's resolution of the appeal.

This Court has before it the petition for appeal, the designated record and the briefs and argument of counsel. In syllabus point 1 of *Wickland v. American Travellers Life Insurance Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998), this Court held: "The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. pt. 1, *Cogar v. Lafferty*, 219 W.Va. 743, 639 S.E.2d 835 (2006); syl.pt. 1, *Judy v. Grant County Health Department*, 210 W.Va. 286, 557 S.E.2d 340 (2001). *See also*, syl. pt. 4, *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995) (indicating that a motion to alter or amend may be employed following a judgment upon a motion to dismiss). Accordingly, this Court is primarily concerned with the February 27, 2006, order dismissing the Second Amended Counterclaim rather than the subsequent orders. The dismissal was entered, upon Mountain State's motion, pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.

The Second Amended Counterclaim included Nine Counts which alleged, generally, that Mountain State breached its contract with the appellant and committed fraud and defamation against him. The appellant asserted that he was, thus, entitled to compensatory and punitive damages. The Circuit Court concluded that none of the Counts were sufficient to withstand scrutiny under Rule 12(b)(6).

Upon a careful review of the Second Amended Counterclaim, this Court is of the opinion that, although the Circuit Court correctly dismissed some of the Counts set forth by the appellant, it committed error in dismissing other Counts. Therefore, for the reasons stated below, the dismissal of Dr. Jamie's Second Amended Counterclaim with prejudice is affirmed, in part, and reversed, in part, and this matter is remanded to the Circuit Court for further proceedings.

## I.

### Factual and Procedural Background

In October 1991, the appellant, a medical doctor practicing in Clay County, West Virginia, entered into a Participation Agreement with Mountain State through which he became a provider under Mountain State's medical benefit program. Under the Agreement, Mountain State promised to pay the appellant for the provision of covered medical services to patient-members of health plans offered or administered by Mountain State, minus the amount payable directly by the patient-member as a deductible or co-payment.

Incorporated in the Participation Agreement was Mountain State's Provider Manual which required the appellant to follow the billing guidelines or codes published in the Current Procedure Technology ("CPT") Manual of the American Medical Association. Dr. Jamie was required to follow the "CPT Codes" in submitting claims to Mountain State. The Participation Agreement also provided that, in the event of overpayments or payments resulting from billing or coding errors, Mountain State was authorized to make "automatic remittance adjustments" to recoup monies paid to the appellant. Moreover, the Participation Agreement permitted Mountain State to conduct on-site or off-site audits of the appellant's records concerning patient-members to verify compliance with the Agreement, the Provider Manual and the CPT Codes.

In 2002, the appellant allegedly began to systematically over-bill Mountain State for claims under the CPT Codes, particularly concerning blood panel testing under CPT Codes 80050 and 80053. Between January 1, 2002, and January 1, 2004, the appellant was said to have received overpayments in the amount of $115,165, approximately $56,000 of which was recouped by Mountain State through automatic remittance adjustments to monies sent to the appellant for other claims. The appellant, on the other hand, denied that the payments he received were overpayments and asserted that Mountain State confiscated $56,000 to which he was entitled. He terminated the Participation Agreement with Mountain State and refused to reimburse any payments.[1]

On December 22, 2004, Mountain State filed an action in the Circuit Court of Wood County against Dr. Jamie to recover an amount equal to the unrecouped overpayments. Recovery was grounded upon breach of contract and unjust enrichment. In addition, Mountain State sought punitive damages based upon allegations of fraud and an order compelling the appellant to provide access to his patient-member records for purposes of an audit.

The appellant filed a *pro se* answer and counterclaim denying the allegations of the complaint and seeking compensatory damages. Ultimately, the appellant, having obtained counsel, filed the Second Amended Counterclaim, with leave of court, alleging entitlement to both compensatory and punitive damages. The Second Amended Counterclaim included Nine Counts consisting of claims for: (1) breach of contract, (2) the retroactive denial of payments in violation of statutory law, (3) breach of the covenant of good faith and fair dealing, (4) fraudulently withholding payments, (5) fraudulently making underpayments, (6) fraudulently charging deductibles, (7) fraudulently charging co-payments, (8) negligence and (9) defamation.[2]

In February 2006, Mountain State filed a motion to dismiss the Second Amended Counterclaim pursuant to Rule 12(b)(6) for failure to set forth any claims upon which relief could be granted. Memoranda of law were filed by the parties, and a hearing was conducted on February 23, 2006. At the conclusion of the hearing, the Circuit Court dismissed the Second Amended Counterclaim in its entirety, with prejudice. Thereafter, the Court entered the February 27, 2006, order of dismissal followed by the August 15, 2006, order denying the appellant's motion to alter or amend and the September 1, 2006, order entering final judgment in favor of Mountain State upon the Second Amended Counterclaim pursuant to Rule 54(b).[3]

---

1. According to the appellant, some of the irregularities raised by Mountain State concerning the claims procedure he followed were attributable to the absence of relevant computer software in his office and the fact that his staff lacked sufficient training regarding CPT Coding. However, the appellant also asserts that Mountain State routinely gave his staff inconsistent instructions with regard to billing procedures and, at times, made payments in "varying amounts" for similar claims. As the appellant's counsel stated during the hearing upon Mountain State's motion to dismiss: "Mountain State representatives told him to bill the way that he billed, and then they claimed he was overpaid after he followed their guidelines and their directives, as far as billing procedures go."

2. A 10th claim alleging that Mountain State violated the federal Racketeer Influenced and Corrupt Organizations Act, ("RICO"), 18 U.S.C. § 1961, *et seq.*, was withdrawn.

3. It should be noted that the dismissal of the Second Amended Counterclaim "with prejudice" is consistent with the entry of judgment pursuant

The appellant's appeal was granted by this Court in February 2007.

## II.

### Standard of Review Concerning Rule 12(b)(6)

█ Rule 12(b)(6) of the West Virginia Rules of Civil Procedure authorizes the filing of a motion requesting dismissal of a claim or counterclaim for "failure to state a claim upon which relief can be granted." In actions resulting in an appeal from a Rule 12(b)(6) dismissal, review by this Court is *de novo*. Syl. pt. 1, *Longwell v. Board of Education of the County of Marshall*, 213 W.Va. 486, 583 S.E.2d 109 (2003); syl. pt. 1, *Holbrook v. Holbrook*, 196 W.Va. 720, 474 S.E.2d 900 (1996); syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995). In that regard, guidance for both the trial court and this Court may be found in syllabus point 3 of *Chapman v. Kane Transfer Company*, 160 W.Va. 530, 236 S.E.2d 207 (1977), which holds: "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt· that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46 [, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84] (1957)." Syl. pt. 2, *Sticklen*

*v. Kittle*, 168 W.Va. 147, 287 S.E.2d 148 (1981); syl., *Flowers v. City of Morgantown*, 166 W.Va. 92, 272 S.E.2d 663 (1980). *See also*, F.D. Cleckley, R.J. Davis, L.J. Palmer, *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b)(6) (Juris Pub.2006).[4]

█ In reviewing a Rule 12(b)(6), dismissal, assistance in appraising the sufficiency of the claim or counterclaim is provided by Rule 8(a)(1) of the West Virginia Rules of Civil Procedure which requires, in a pleading, "a short and plain statement of the claim showing that the pleader is entitled to relief." Subsection (e) of Rule 8 states that each averment of a pleading shall be "simple, concise and direct." As observed in *Scott Runyan Pontiac–Buick, supra:* "Rule 8 of the Rules of Civil Procedure requires clarity but not detail. * * * Under Rule 8, a complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is." 194 W.Va. at 776, 461 S.E.2d at 522. Thus, while bald statements or a carelessly drafted pleading will not survive a Rule 12(b)(6) motion to dismiss, *Fass v. Nowsco Well Service*, 177 W.Va. 50, 52, 350 S.E.2d 562, 564 (1986), a circuit court should not dismiss a claim "merely because it doubts that the plaintiff will prevail in the action." *John W. Lodge Distributing Co. v. Texaco*, 161 W.Va. 603, 605, 245 S.E.2d 157, 159

---

to Rule 54(b) in terms of facilitating the appeal to this Court. The dismissal with prejudice foreclosed the possibility of further amendment of the Counterclaim. Otherwise, an appeal to this Court would not have been appropriate. As stated in F.D. Cleckley, R.J. Davis, L.J. Palmer, *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b)(6) (Juris Pub.2006): "An order of a trial court dismissing a complaint under the provisions of Rule 12(b)(6), with leave to amend, is in the nature of a nonappealable interlocutory order."

Accordingly, to the extent this Court affirms the dismissal of various Counts within the Second Amended Counterclaim, this Court concludes that, given the insufficiency of those Counts, as discussed herein, and the prior opportunities the appellant had to amend the Counterclaim, the Circuit Court was warranted in dismissing the Counts with prejudice. Consequently, those Counts remain dismissed with prejudice and may not be further amended and relitigated by the appellant.

4. Mountain State cites *Bell Atlantic Corporation v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), wherein the Supreme Court of the United States indicated that the *Conley v. Gibson* standard, set forth by this Court in Chapman, is incomplete. As suggested in *Bell Atlantic*, the standard, that dismissal should not be granted unless it appears that the plaintiff can prove no set of facts in support of his claim, should be replaced by a standard to the effect that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." —— U.S. at ——, 127 S.Ct. at 1969, 167 L.Ed.2d at 945. We decline to preemptively settle that issue in this opinion. The standard expressed in Chapman and repeated in subsequent cases remains good law, and we note that shortly after the decision in Bell Atlantic this Court, in *Burch v. Nedpower Mount Storm*, 220 W.Va. 443, 647 S.E.2d 879 (2007), applied a standard similar to that in *Chapman* in the context of reviewing an order granting judgment upon the pleadings.

(1978). The complaint is to be construed in the light most favorable to the plaintiff. *Price v. Halstead,* 177 W.Va. 592, 594, 355 S.E.2d 380, 383 (1987); *Chapman, supra,* 160 W.Va. at 538, 236 S.E.2d at 212.

## III.

### Discussion

■ Counts 1, 2 and 3 of Dr. Jamie's Second Amended Counterclaim are similar because all three involve an alleged breach by Mountain State of the Participation Agreement executed by the parties in 1991. Under Count 1, the appellant sets forth section IV.B of the Agreement which states that either party may terminate the Agreement upon 30 days written notice to the other party. The appellant alleged that, although he submitted a notice of termination by letter dated November 14, 2003, Mountain State improperly extended the Agreement several months beyond the termination date. According to Count 1, the extension caused the appellant to incur damages by providing Mountain State opportunities to retroactively deny the appellant's claims for medical services and to withhold payments.

The Participation Agreement provided that, in the event of overpayments, Mountain State could make automatic remittance adjustments to recoup monies paid to the appellant. In Count 2, the appellant alleged that, inasmuch as he terminated the Agreement, there was no longer consent for the withholding or offsetting of monies payable by Mountain State. Under that Count, the appellant alleged that, after the Agreement was terminated, Mountain State "retroactively denied claims" without authorization and in violation of W. Va.Code § 33–45–2(a)(7) (2001), which, *inter alia,* prohibits the retroactive denial of previously paid claims of health care providers after 1 year from the date the claim was originally paid.

In Count 3, the appellant alleged that Mountain State breached the covenant of good faith and fair dealing, as implied both in law and in the Participation Agreement, in that Mountain State failed to fully pay for services he provided to the patient-members: (1) by not properly reimbursing him, (2) by wrongfully withholding and offsetting monies he was entitled to receive and (3) by failing to cancel the Agreement as requested.

Upon review, this Court is of the opinion that the Circuit Court committed error in granting the motion to dismiss as to those Counts. Although each Count alleged a breach of the Participation Agreement, each Count was grounded upon a different basis of recovery. Whereas Count 1 focused upon the Agreement's termination, Count 2 relied, in part, upon a statutory violation. On the other hand, Counts 1 and 2 had, in common, limitations with regard to the life of the Participation Agreement. Whereas Count 1 was limited to alleged acts of Mountain State surrounding the termination of the Agreement, Count 2 concerned the 1 year limit relating to the retroactive denial of previously paid claims. Although Count 3 also referred to the termination of the Agreement, the alleged transgressions of Mountain State in that Count were not as narrowly defined. Count 3 asserted that the appellant was not fully paid for services to patient-members as a result of improper reimbursements and by the wrongful withholding and offsetting of monies he was entitled to receive.

In that regard, while we recognize that it has been held that an implied covenant of good faith and fair dealing does not provide a cause of action apart from a breach of contract claim, *Stand Energy Corp. v. Columbia Gas Transmission,* 373 F.Supp.2d 631, 644 (S.D.W.Va.2005), and that "[a]n implied contract and an express one covering the identical subject matter cannot exist at the same time," syl. pt. 3, in part, *Rosenbaum v. Price Construction Company,* 117 W.Va. 160, 184 S.E. 261 (1936), the allegations of Count 3 construed in the light favorable to the appellant demonstrate that, while inartfully drafted as a claim upon an implied covenant, Count 3 is, in reality, a breach of contract claim covering matters not identical to those specified in Counts 1 and 2.

As suggested in, 4A M.J., *Contracts* § 84 (Matthew Bender & Co.2007), while a breach of contract may best be alleged in the express words of the contract, the use of such

words is not necessary.[5] Here, Mountain State's complaint alleged $115,165 in overpayments to Dr. Jamie, approximately $56,000 of which was recouped through automatic remittance adjustments. Mountain State is now seeking recovery for the balance. Counts 1, 2 and 3 of the Second Amended Counterclaim, in different ways, challenge Mountain State's entitlement to those monies by alleging that Mountain State breached the Participation Agreement and thereby caused the appellant to incur damages. In that respect, the claims of both parties arose from the Participation Agreement.

This Court concludes that the appellant's averments were sufficient to survive the motion to dismiss. Therefore, the Circuit Court is reversed, and Counts 1, 2 and 3 of the Second Amended Counterclaim are reinstated.

■ Count 4 of the Second Amended Counterclaim alleged fraud. Specifically, Count 4 alleged that Mountain State "fraudulently withheld payments" from the appellant after he terminated the Participation Agreement, i.e., Mountain State withheld payments without written consent or authorization from the appellant when Mountain State "knew that such conduct was wrong and was an intentional act." Moreover, the appellant alleged that Mountain State, on numerous occasions, fraudulently withheld payments to him with regard to undisputed claims. Count 4 concluded: "[Mountain State's] fraudulent acts caused damages to Dr. Jamie in that he was not paid for services rendered and/or his payments [were] wrongfully withheld and offset against his will."

In comparison, the complaint filed by Mountain State alleged fraud against Dr. Jamie. Count IV of the complaint averred that, although the Participation Agreement required the appellant to provide truthful and accurate information and required him to reimburse Mountain State for overpayments,

the appellant knowingly and fraudulently billed Mountain State for services he had not provided, with no intention to repay. Mountain State alleged that, in reliance upon the information received from the appellant, he was overpaid in the amount of $ 115,165. Count IV of the complaint concluded by asserting that Mountain State was entitled to punitive damages.

■ A pleading which includes a claim of fraud requires more than the short, plain statement of the claim contemplated under Rule 8(a)(1). As Rule 9(b) of the West Virginia Rules of Civil Procedure provides, in part: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Kessel v. Leavitt*, 204 W.Va. 95, 132, 511 S.E.2d 720, 757 (1998), *cert. denied*, 525 U.S. 1142, 119 S.Ct. 1035, 143 L.Ed.2d 43 (1999) (fraud must be stated with particularity); *Chamberlaine v. McBee*, 177 W.Va. 755, 758, 356 S.E.2d 626, 629 (1987) (Rule 9(b) assists the party charged with fraud in preparing a defense); syl. pt. 1, in part, *Hager v. Exxon Corporation*, 161 W.Va. 278, 241 S.E.2d 920 (1978) ("fraud or mistake must be alleged in the appropriate pleading with particularity and the failure to do so precludes the offer of proof thereof during the trial"). Moreover, in syllabus point 1 of *Lengyel v. Lint*, 167 W.Va. 272, 280 S.E.2d 66 (1981), this Court held:

> The essential elements in an action for fraud are: "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it." *Horton v. Tyree*, 104 W.Va. 238, 242, 139 S.E. 737(1927).

Syl. pt. 5, *Kidd v. Mull*, 215 W.Va. 151, 595 S.E.2d 308 (2004); syl. pt. 12, *Poling v. Pre–*

---

5. It is interesting to note that, although the Appendix of Forms attached to the West Virginia Rules of Civil Procedure, does not include a specific form for a complaint or counterclaim relevant to this action, Form 4 entitled "Complaint on an account" is representative of the "simplicity and brevity of statement which the rules contemplate." Rule 84. Form 4 states in its entirety: "Defendant owes plaintiff ten thousand dollars according to the account hereto annexed as Exhibit A. Wherefore (*etc.*, as in Form 3) [Form 3: 'Wherefore plaintiff demands judgment against defendant for the sum of ten thousand dollars, interest, and costs.']."

*Paid Legal Services, Inc.,* 212 W.Va. 589, 575 S.E.2d 199 (2002); syl. pt. 3, *Cordial v. Ernst & Young,* 199 W.Va. 119, 483 S.E.2d 248 (1996). *Cf, Pocahontas Mining Co. Limited Partnership v. OXY USA, Inc.,* 202 W.Va. 169, 174, 503 S.E.2d 258, 263 (1998)(concurring opinion, stating that pleading a fraud claim is distinguishable from proving a fraud claim: "the pleading must not be expected to include every element of the proof)".

It follows from the above authorities that Count 4 of the Second Amended Counterclaim satisfied the requirements for alleging a claim of fraud and should not have been dismissed upon the Rule 12(b)(6) motion. While that Count is not as well articulated as the claim of fraud set forth in Mountain State's complaint, it adequately notifies Mountain State of the appellant's assertion that payments were fraudulently withheld after the Participation Agreement was terminated and fraudulently withheld with regard to undisputed claims. Although Count 4 of the counterclaim, unlike Count IV of the complaint, did not aver detrimental reliance, the claims of fraud of both parties, like the claims of breach of contract, arose from the Agreement. Appellant's Count 4, for example, was based, in part, upon alleged fraud surrounding the purported termination of the Agreement. As stated above, the section of the Agreement providing for termination was set forth by the appellant in Count 1. Accordingly, Count 4 of the Second Amended Counterclaim is reinstated.

██ The remaining Counts are exceedingly problematic. Count 5 alleged that Mountain State fraudulently underpaid the appellant. The supporting averments, however, were limited to a single discrepancy wherein the appellant asserted that, although his staff committed a clerical error in submitting the claim, Mountain State sent the corresponding payment at a reduced rate which, by the appellant's own calculations, made "no mathematical sense." In Counts 6 and 7, the appellant alleged that Mountain State fraudulently overcharged his patient-members for deductibles and co-payments under their respective medical benefit con-

tracts. Those Counts contained no allegations concerning Dr. Jamie's standing to raise the overpayment issue upon behalf of the patient members. Moreover, although the appellant alleged in Counts 6 and 7 that the overcharging caused a reduction in the number of patient-members served by his practice, neither Count sufficiently connected the allegations to the claim of fraud. Count 8 summarily alleged that Mountain State's breach of its duty to make correct payments constituted negligence.

In Count 9 of the Second Amended Counterclaim, the appellant alleged that, in December 2003, one of Mountain State's auditors made statements to the appellant's staff that "Dr. Jamie told you to change the medical CPT Code because the [Mountain State] reimbursement was low." According to Count 9, the auditor's statements constituted defamation for which the appellant was entitled to damages. However, as Mountain State pointed out, Count 9 further alleged that, when the auditor made the statements, "the employees knew that the statements were and are entirely false [.]" No allegations were made to the effect that the auditor's statements were communicated to anyone other than Dr. Jamie's employees. Nor did Count 9 aver why damages were incurred when the employees knew that the statements were false.

Consequently, viewing Counts 5 through 9 in the light most favorable to the appellant, this Court is of the opinion that it appears beyond doubt that the appellant can prove no set of facts in support thereof which would entitle him to relief. The dismissal of those Counts is, therefore, affirmed.

## IV.

### Conclusion

Upon all of the above, this Court holds that the Circuit Court correctly dismissed Counts 5 through 7 of the Second Amended Counterclaim pursuant to the motion to dismiss and committed error in dismissing Counts 1 through 4. Counts 1 through 4 are, therefore, reinstated.[6]

---

6. In reinstating Counts 1 through 4, we note that

Mountain State brings to our attention *Harless v.*

For the reasons stated above, the dismissal of the appellant's Second Amended Counterclaim, with prejudice, is affirmed, in part, and reversed, in part, and this matter is remanded to the Circuit Court of Wood County for further proceedings.

Affirmed, in part, Reversed, in part, and Remanded

*First National Bank in Fairmont*, 169 W.Va. 673, 289 S.E.2d 692 (1982), syllabus point 7 of which indicates that a party "may not recover damages twice for the same injury simply because he has two legal theories."

However, inasmuch as this appeal is limited to a consideration of whether the Second Amended Counterclaim was sufficient to withstand a Rule 12(b)(6) motion to dismiss, it would be premature to address *Harless* at this point. This appeal concerns the pleading stage of the litigation, and, as Rule 8(e)(2) of the West Virginia Rules of Civil Procedure provides:

A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal or on equitable grounds or on both. All statements shall be made subject to the obligations set forth in Rule 11.