# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Carole Hanlon, individually, and Carole Hanlon,
as the Executrix of the Estate of David Hanlon,
Plaintiff Below, Petitioner

**FILED**

**May 20, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 15-0337 (Kanawha County 11-C-132)

AXA Equitable Life Insurance Company,
and Joseph V. Funderburk, II,
Defendants Below, Respondents

## MEMORANDUM DECISION

Petitioner Carole Hanlon, individually and as executrix of the estate of David Hanlon, by counsel Scott Curnutte, appeals the orders of the Circuit Court of Kanawha County, entered on March 16, 2015, granting respondents' motions for summary judgment. Respondent AXA Equitable Life Insurance Company ("AXA Equitable Life") appears by counsel J. Rudy Martin. Respondent Joseph V. Funderburk II appears by counsel Edgar Allen Poe and Ashley L. Justice.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Carole Hanlon and her husband David Hanlon, an attorney, purchased life insurance policies from Respondent AXA Equitable Life through an agent, Respondent Funderburk, in 1977, 1981, 1983, 1989, and 1993. Mr. Hanlon died on January 25, 2006, and petitioner, as his beneficiary, requested benefits under those policies. Respondent AXA Equitable Life issued benefit checks for two of the policies at less than the face value, explaining that the value had been diminished by loan transactions, and notified petitioner that two of the policies lapsed for non-payment prior to Mr. Hanlon's death. Petitioner refused the checks that were issued. She has not submitted paperwork that Respondent AXA Equitable Life requested to process the fifth policy.

Petitioner filed a twenty-count complaint in the Circuit Court of Kanawha County in January of 2011 (nearly five years after the death of her husband), asserting several causes of action as to each of the five policies. At the close of discovery, respondents filed motions for summary judgment. In response to those motions, petitioner conceded that summary judgment was appropriate on her claims for breach of fiduciary duty as to both respondents; appropriate on her claims of breach of contract and breach of the duty of good faith and fair dealing as to

1

Respondent Funderburk; and appropriate on her claim of reasonable expectation of coverage as to Respondent AXA Equitable Life. The circuit court granted respondents' motions in separate orders, and this appeal followed.

On appeal, petitioner asserts four assignments of error. She argues that the circuit court erred in: (1) dismissing her claim for "reasonable expectation of coverage" as time-barred; (2) finding that she cannot maintain an unjust enrichment claim against Respondent Funderburk because neither petitioner nor her husband paid him directly; (3) finding that petitioner cannot maintain an unjust enrichment claim against Respondent AXA Equitable Life because her relationship with that respondent was based in express contract; and (4) ruling that breach of the duty of good faith and fair dealing is not a stand-alone claim. Inasmuch as the circuit court's determinations on these issues established the grounds for the grant of summary judgment, we review petitioner's assignments error de novo. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 190, 451 S.E.2d 755, 756 (1994). "'"A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).' Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992)." Syl. Pt. 2, *Painter*.

We begin with petitioner's first assignment of error, in which she argues that the circuit court erred in dismissing her claim for "reasonable expectation of coverage," which she suggests is governed by the ten-year statute of limitations applicable to contract actions. The circuit court instead applied the two-year statute of limitations described in West Virginia Code § 55-2-12.[1] "Reasonable expectation of coverage" is not an independent cause of action in West Virginia but, rather, as we have noted, "essentially a rule of construction" for contract interpretation. *National Mut. Ins. Co. v. McMahon & Sons, Inc.,* 177 W.Va. 734, 742 n. 7, 356 S.E.2d 488, 496 n.7 (1987); accord *Luikart v. Valley Brook Concrete & Supply, Inc.*, 216 W.Va. 748, 755, 613 S.E.2d 896, 903 (2005). As explained above, petitioner agreed below that summary judgment was appropriate on her claim of "reasonable expectation of coverage" as to Respondent AXA Equitable Life. Inasmuch as she also agreed that summary judgment was appropriate on her claim of breach of contract as to Respondent Funderburk, and application of the doctrine of "reasonable expectation of coverage" would be wholly tied to that claim, we find no error in the circuit court's grant of summary judgment on this issue.

---

[1] That section provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

2

We turn to petitioner's second assignment of error, in which she argues that the circuit court erred in grounding its order denying summary judgment, in part, on the finding that petitioner could not maintain a claim against Respondent Funderburk for unjust enrichment. It is undisputed that neither petitioner nor her husband paid money directly to that respondent for the insurance policies. We have examined the "concept" of unjust enrichment:

In Syllabus Point 4 of *Prudential Ins. Co. of America v. Couch*, 180 W.Va. 210, 376 S.E.2d 104 (1988), this Court held:

> It is generally recognized in the law of restitution that if one party pays money to another party (the payee) because of a mistake of fact that a contract or other obligation required such payment, the party making the payment is entitled to repayment of the money from the payee.

In so holding, this Court explained in *Prudential* that "[t]he theoretical basis for this principle is that it would be unjust to allow a person to retain money on which he had no valid claim. He would be unjustly enriched thereby, when in equity and justice it should be returned to the payor." *Id.* at 214, 376 S.E.2d at 108.

*Hill v. Stowers*, 224 W. Va. 51, 60, 680 S.E.2d 66, 75 (2009). *Prudential* succinctly clarifies that

> restitution principles require that suit be brought ordinarily against the party receiving the payment. There do not appear to be many cases that have dealt with suits against nonpayees. The few that have conclude that a suit for restitution may not be maintained against a party who is not the payee, unless it is shown that such party was unjustly enriched because the payment satisfied an obligation that was the responsibility of such party.

180 W.Va. 210 at 215, 376 S.E.2d at 109. The case before us does not fit into the limited circumstance described in *Prudential* wherein recovery from a nonpayee may be permitted, inasmuch as petitioner has identified no obligation satisfied on behalf of respondent. As the circuit court pointed out, we have expressly explained that an insurance agent is "but an incidental beneficiary" to a contract between an insured and an insurance company, and "the agent's right to commissions . . . is of no concern to the insured, and [is] solely a matter of contract between the agent and his principal, the insurance company." *See Shrewsbery v. National Grange Mut. Ins. Co.*, 183 W.Va. 322, 325, 395 S.E.2d 745, 748 (1990). We thus find no error in the circuit court's decision on this ground.

Similarly, we find no error in the circuit court's grant of summary judgment on the ground that petitioner cannot maintain an unjust enrichment claim against Respondent AXA Equitable Life, the basis of the issue raised in petitioner's third assignment of error. It is undisputed that petitioner and her husband entered into express contracts with this respondent. However, an unjust enrichment claim is inconsistent with a contractual dispute. *See Bright v. QSP, Inc.*, 20 F.3d 1300, 1306 (4th Cir.1994)(applying West Virginia law, and stating that,

3

because an "action for unjust enrichment is quasicontractual in nature[, it] may not be brought in the face of an express contract.")

Finally, we turn to petitioner's fourth assignment of error, in which she maintains that the circuit court erred in determining that a claim for the breach of the duty of good faith and fair dealing cannot stand alone. We agree with the circuit court that this Court has "declined to recognize an independent claim for a breach of the common law duty of good faith. . . .'" *Doyle v. Fleetwood Homes of Virginia, Inc.*, 650 F. Supp. 2d 535, 541 (S.D.W.Va. 2009) (citing *Highmark W.Va., Inc. v. Jamie*, 221 W.Va. 487, 655 S.E.2d 509, 514 (2007)). We, therefore, find no error in the circuit decision in this regard.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  May 20, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II