IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**March 25, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MARY C. SUTPHIN**
**Plaintiff Below, Petitioner**

**v.) No. 22-ICA-201**   (Cir. Ct. Raleigh Cnty. Case No. CC-41-2017-C-591)

**RONALD J. HOPKINS, II,**
**RACHEL L. ABRAMS HOPKINS,**
**SARAH A. ABRAMS, AND**
**LANGHORNE ABRAMS,**
**Defendants Below, Respondents**


## MEMORANDUM DECISION

Petitioner Mary C. Sutphin appeals the Circuit Court of Raleigh County's September 28, 2022, "Order on Motions to Dismiss by Lewis Chevrolet Company, Langhorne Abrams, and Ronald J. Hopkins, II, and Rachel L. Abrams Hopkins and Sarah A. Abrams' Motion to Partially Dismiss Plaintiff's Second Amended Complaint AND Motion for Protective Order to Stay Discovery Pending Resolution of Motions to Dismiss by Defendants Lewis Chevrolet Company, Langhorne Abrams, and Ronald J. Hopkins, II." Respondents Ronald J. Hopkins, II ("Ronald"), Rachel L. Abrams Hopkins ("Rachel"), Sarah A. Abrams ("Sarah"), and Langhorne Abrams ("Langhorne") timely filed a response in support of the circuit court's order.[1] Ms. Sutphin filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law, but we find there is some error in the circuit court's order. Accordingly, a memorandum decision is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure. For the reasons below, the circuit court's order is affirmed, in part, reversed, in part and the matter is remanded to the circuit court.

At the time of her death on November 23, 2009, Ms. Sutphin's mother, Nancy Pat Lewis Smith, owned 242 of 394 shares of stock in the Lewis Chevrolet Company ("Lewis Chevrolet") with operations in Beckley, West Virginia. Ms. Sutphin is a beneficiary of the

---

[1] Ms. Sutphin is represented by Joseph L. Caltrider, Esq., and Liana L. Stinson, Esq. The Respondents are represented by Russell D. Jessee, Esq., Marcus D. Black, Esq., and Brittany L. Smith, Esq.

Estate of Nancy Pat Lewis Smith ("Estate") and the Nancy Pat H. Lewis Heirs Trust ("Trust"). Both the Estate and the Trust were created under the Last Will and Testament of Nancy Pat H. Lewis-Smith ("Will"). A. David Abrams, Jr., ("Mr. Abrams") drafted the Will.[2] Mr. Abrams is married to Ms. Sutphin's sister, Respondent Langhorne. Mr. Abrams and Langhorne have two daughters, Respondents Rachel and Sarah. Mr. Abrams is a member of the Board of Directors, serves as Executive Vice President, Assistant Secretary, and in-house counsel for Lewis Chevrolet. He also owns two shares of stock in the company. Rachel is a member of the Board of Directors, serves as President, and is employed full-time as the "Principal" of Lewis Chevrolet. She also owns sixty shares of stock in the company. Rachel's husband, Respondent Ronald, is employed full-time as the "General Manager" of Lewis Chevrolet. Sarah is a member of the Board of Directors, serves as Secretary and Treasurer, and is employed full-time as the "Public Relations Manager" of Lewis Chevrolet. Mr. Abrams, Rachel, and Sarah constitute the entire Board of Directors and all of the corporate officers of Lewis Chevrolet.

On February 3, 2022, Ms. Sutphin filed her sixty-page Second Amended Complaint ("Complaint") against Lewis Chevrolet, Mr. Abrams, Rachel, Sarah, Ronald, and Langhorne.[3] The Complaint alleges that Ms. Sutphin owns 20.47% of the stock in Lewis Chevrolet. As stated by Ms. Sutphin in her Complaint,

> For over a decade, however, Ms. Sutphin has not received any benefit whatsoever from her ownership [of Lewis Chevrolet]. In violation of numerous fiduciary duties, Defendant A. David Abrams, Jr., Esq. - acting as Executor of the Estate, as Trustee of the Trust, as a Director and Officer of the Dealership, and as an Attorney for [Lewis Chevrolet] - has knowingly conspired with the other Defendants to divert all benefits of owning [Lewis Chevrolet] to his own family members and intentionally concealed the evidence of this malfeasance from Ms. Sutphin.[4]

---

[2] The Will, executed October 26, 1990, named Mr. Abrams as the Executor of the Estate and as Trustee of the Trust. The Will devised all of Nancy Pat Lewis-Smith's stock in Lewis Chevrolet to the Trust. The Will limited the Trust to a ten-year period and required Mr. Abrams to distribute the Trust's assets to the beneficiaries on the date of termination, which was November 23, 2019. The beneficiaries were Nancy Pat Lewis-Smith's three children: Ms. Sutphin, Langhorne, and Nancy Lewis Haley.

[3] The Complaint also named the Estate, the Trust, and the surviving children of Nancy Lewis Haley as notice defendants.

[4] The claims asserted by Ms. Sutphin against Mr. Abrams were addressed by this Court in a separate appeal in *Sutphin v. Abrams*, No. 22-ICA-126, 2023 WL 4030072, at *1 (W. Va. Ct. App. June 15, 2023).

Ms. Sutphin's complaint consists of thirty pages of factual background that is incorporated by reference to each of her sixteen substantive counts. Relevant to the Respondents herein, the Complaint asserts claims against Rachel and Sarah for violations of the West Virginia Business Corporation Act, breach of fiduciary duties as directors and officers of Lewis Chevrolet, conversion, negligence, and fraud/constructive fraud. The complaint asserts claims against Rachel, Sarah, Langhorne, and Ronald for tortious interference with inheritance, civil conspiracy, unjust enrichment, constructive trust, punitive damages, and attorney's fees and costs.

Factually, the Complaint alleges that Langhorne "agreed to assist Rachel in the purchase" of certain property "by taking unsecured note for her 1/3 share of proceeds" and otherwise conspired with the other Respondents to retain all benefit from Lewis Chevrolet.[5] Regarding Ronald, the Complaint alleges that he remained employed at Lewis Chevrolet despite the company's negative or declining income, received benefits from his employment such as health insurance and travel expenses, and otherwise conspired with the other Respondents to retain all benefit from Lewis Chevrolet. In regard to Rachel, the Complaint alleges that she signed for the adoption of corporate bylaws as the corporate secretary when she was not the secretary, failed to keep corporate minutes or any documentation authorizing her corporate actions, borrowed money from the Estate, executed a loan on behalf of Lewis Chevrolet, received salary and benefits from Lewis Chevrolet, entered Lewis Chevrolet into a Management Fee Administration Agreement whereby she received 100% of the fee generated, purchased property from the Estate, and otherwise conspired with the other Respondents to retain all benefit from Lewis Chevrolet. Regarding Sarah, the Complaint alleges that she certified corporate bylaws that are not valid, failed to keep corporate minutes or any documentation that authorized her corporate actions, received benefits from her employment and otherwise conspired with the other Respondents to retain all benefit from Lewis Chevrolet.

On March 31, 2022, Langhorne and Ronald moved to dismiss the claims against them. On the same date, Rachel and Sarah moved for partial dismissal of the claims against them. Specifically, Rachel and Sarah moved to dismiss the claims against them for conversion, negligence, tortious interference with inheritance, fraud, unjust enrichment, and constructive trust. They did not move to dismiss claims against them for violations of the West Virginia Business Corporation Act, breach of fiduciary duties as officers and

---

[5] The allegation regarding the sale of property to Rachel is part of a larger factual allegation against Mr. Abrams. As stated in the Complaint:

> On November 8, 2017, Defendant David Abrams, in his capacity as Executor of the Estate, allowed his daughter, Defendant Rachel Hopkins, to borrow $41,926.82 from the Estate - pursuant to a one-page, unsigned, and unsecured promissory note - and repay the Estate at the rate of 0.22% per year for the purchase of Lot 122 at Flat Top Lake in Ghent, West Virginia.

directors of Lewis Chevrolet, civil conspiracy, punitive damages, or attorney's fees and costs.

On July 29, 2022, the circuit court held a hearing on the Respondents' motions. Following the hearing, on September 28, 2022, the circuit court issued the order now on appeal. In that order, the circuit court concluded, in regard to Langhorne, that the Complaint made no factual allegation that Langhorne was involved in any actions that resulted in disproportionate treatment of Ms. Sutphin with respect to the Estate and therefore, the claim against Langhorne for tortious interference with inheritance was dismissed. However, Ms. Sutphin's allegations against Langhorne in regard to the civil conspiracy claim were sufficient to survive a motion to dismiss. The circuit court also dismissed the claims against Langhorne for unjust enrichment and constructive trust for failure to allege in the complaint a factual and legal basis for tortious actions committed by Langhorne. The circuit court further dismissed the claims against Langhorne for punitive damages and attorney's fees and costs.

In regard to Ronald, the circuit court concluded that Ms. Sutphin's Complaint failed to put him on notice of the claims against him and dismissed him entirely from the case.

Regarding Rachel and Sarah, the circuit court dismissed the claims against them for conversion, negligence, unjust enrichment, and constructive trust because these claims were made against Rachel and Sarah in their capacities as officers and directors of the dealership and therefore those claims were duplicative of the claims against them for violations of the West Virginia Business Corporation Act and breaches of their fiduciary duties. As to the tortious interference with inheritance claim against them, the circuit court held that Ms. Sutphin failed to allege some type of action by Rachel or Sarah that improperly or wrongly affected the administration of the Estate and because she failed to do so, the claim was dismissed.

On appeal, we apply the following standard of review: "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). "A court reviewing the sufficiency of a complaint should view the motion to dismiss with disfavor, should presume all of the plaintiff's factual allegations are true, and should construe those facts, and inferences arising from those facts, in the light most favorable to the plaintiff." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 520, 854 S.E.2d 870, 882 (2020) (citing *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 538, 236 S.E.2d 207, 212 (1977)).

First, Ms. Sutphin asserts that the circuit court erred by dismissing her claims against Langhorne for tortious interference with inheritance, unjust enrichment, constructive trust, punitive damages, and attorney's fees. We disagree. Under Rule 8 of the West Virginia Rules of Civil Procedure, "a complaint must be intelligibly sufficient for a circuit court or

4

an opposing party to understand whether a valid claim is alleged and, if so, what it is." *Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. at 776, 461 S.E.2d at 522. To survive a motion under Rule 12(b)(6), "[t]he complaint must set forth enough information to outline the elements of a claim or permit inferences to be drawn that these elements exist." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. at 521, 854 S.E.2d at 883. Here, it is not readily apparent how the allegations in the Complaint against Langhorne outline the elements of a claim, or permit inferences to be drawn that the elements exist, for any claim other than civil conspiracy.[6] Given that the only clear allegation of wrongdoing in the Complaint against Langhorne is that she conspired with others who then committed torts, the circuit court did not err in allowing Ms. Sutphin's claim for civil conspiracy to go forward while dismissing the remainder of the claims against Langhorne.

Next, Ms. Sutphin asserts that the circuit court erred by dismissing all her claims against Ronald. We agree as it pertains to the civil conspiracy claim. "Since the preference is to decide cases on their merits, courts presented with a motion to dismiss . . . construe the complaint in the light most favorable to the plaintiff, taking all allegations as true." *Sedlock v. Moyle*, 222 W. Va. 547, 550, 668 S.E.2d 176, 179 (2008). Here, similar to Langhorne, the Complaint specifically alleges Ronald conspired with the other Respondents to commit the fraudulent, tortious, and wrongful acts or omissions described in the Complaint. Assuming the facts in the Complaint to be true and viewing all inferences in favor of Ms. Sutphin, given the specific allegation against Ronald, his close relationship with other alleged tortfeasors and his position in management of Lewis Chevrolet, it was error for the circuit court to dismiss the civil conspiracy claim against Ronald.

Ms. Sutphin next asserts that the circuit court erred by dismissing her claims for conversion, negligence, unjust enrichment, tortious interference with inheritance and constructive trust against Rachel and Sarah. We agree with Ms. Sutphin as to the claims for conversion, negligence, unjust enrichment and constructive trust but disagree as to the claim for tortious interference with inheritance. First, we note that while we agree with the circuit court's reasoning that these claims are duplicative of the claims asserted against Rachel and Sarah for violations of the West Virginia Business Corporation Act and breaches of their fiduciary duties, Rule 8(e)(2) of the West Virginia Rules of Civil Procedure allows a party to plead alternative legal theories. *See Sydenstricker v. Mohan*, 217 W. Va. 552, 563, 618 S.E.2d 561, 572 (2005) (holding that doctrine of judicial

---

[6] "A civil conspiracy is not a *per se,* stand-alone cause of action; it is instead a legal doctrine under which liability for a tort may be imposed on people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s)." Syl. Pt. 9, *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009) (citation omitted).

estoppel could not be applied to prevent a party from pleading alternative defenses because Rule 8(e)(2) permitted this). However,

> [i]t is generally recognized that there can be only one recovery of damages for one wrong or injury. Double recovery of damages is not permitted; the law does not permit a double satisfaction for a single injury. A plaintiff may not recover damages twice for the same injury simply because he has two legal theories.

Syl. Pt. 7, *Harless v. First Nat. Bank in Fairmont*, 169 W. Va. 673, 289 S.E.2d 692 (1982). Therefore, Ms. Sutphin may plead alternative theories of recovery, but she may only recover once for the same injury. Accordingly, it was error for the circuit court to dismiss Ms. Sutphin's claims for conversion, negligence, unjust enrichment, and constructive trust at this stage in the proceedings.

Turning to Ms. Sutphin's claim for tortious interference with inheritance against Rachel and Sarah, our Supreme Court of Appeals has held that bald statements or a carelessly drafted pleading will not survive a Rule 12(b)(6) motion to dismiss. *Highmark W. Va., Inc. v. Jamie*, 221 W. Va. 487, 491, 655 S.E.2d 509, 513 (2007) (internal citations omitted). Here, in regard to this claim, Ms. Sutphin's Complaint simply incorporates all of her factual allegations by reference and then states "[Respondents] willfully, intentionally, fraudulently, and illegally interfered with Ms. Sutphin's inheritance from the Trust as described above." In her brief before this Court, Ms. Sutphin does not point to any factual allegation in the Complaint which demonstrates that Rachel and/or Sarah committed any act that interfered with her inheritance. Accordingly, the circuit court did not err by dismissing this count against Rachel and Sarah.

Lastly, Ms. Sutphin asserts that the circuit court erred by dismissing her claims with prejudice. We agree. Generally, orders granting motions to dismiss pursuant to Rule 12(b) of the West Virginia Rules of Civil Procedure grant dismissal without prejudice. *See* Syl. Pt. 3, *Rhododendron Furniture & Design, Inc. v. Marshall*, 214 W. Va. 463, 466, 590 S.E.2d 656, 659 (2003) (citing Syl. Pt. 4, *United States Fidelity and Guaranty Company v. Eades,* 150 W.Va. 238, 144 S.E.2d 703 (1965) (abrogated on other grounds)).[7] Therefore,

---

[7] Ms. Sutphin also argues throughout her brief, as she did in her prior appeal, that the circuit court erred by concluding that her estate related claims should be dismissed because they were not brought before the county commission. However, just as in Ms. Sutphin's prior appeal to this Court, we do not agree with Ms. Sutphin's interpretation of the circuit court's order. Rather, the circuit court merely mentions a probate issue that falls within the jurisdiction of the county commission and properly states it does not have jurisdiction over such issue. *See also Sutphin v. Abrams*, No. 22-ICA-126, 2023 WL 4030072, at *4 (W. Va. Ct. App. June 15, 2023).

we affirm the circuit court's order as it pertains to Langhorne, reverse as it pertains to the civil conspiracy claim against Ronald, reverse, in part, and affirm, in part, as to Rachel and Sarah, and reverse the dismissal of claims with prejudice. Accordingly, this matter is remanded to the circuit court for entry of an order consistent with this decision and such further proceedings as it deems necessary.

Affirmed, in part, Reversed, in part, and Remanded with Instructions.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear