## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BARRY A. BLACKBURN,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-569**　　(Cir. Ct. Fayette Cnty. Case No. CC-10-2023-C-97)

**CITY OF SMITHERS and**
**BRIAN WHITTINGTON,**
**Defendants Below, Respondents**

### MEMORANDUM DECISION

Petitioner Barry A. Blackburn appeals the Circuit Court of Fayette County's Order Granting Defendants' Motion to Dismiss entered November 20, 2023. In that order, the circuit court concluded that Mr. Blackburn's complaint should be dismissed because his claims against Respondent City of Smithers (the "City") were barred by statutory immunity, neither West Virginia Code § 8-12-16 nor the City's ordinances provide for a private cause of action, and the claims against Respondent Brian Whittington were barred by the statute of limitations. The Respondents timely filed a response in support of the circuit court's order.[1] Mr. Blackburn did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter is related to a prior matter decided by this Court in Case Number 22-ICA-69. In that matter, by memorandum decision issued on May 1, 2023, this Court affirmed the circuit court's dismissal of Mr. Blackburn's one paragraph complaint on the basis that he failed to state a claim. However, the Court vacated the circuit court's determination that the Respondent City of Smithers was entitled to immunity. This Court reasoned

> there is nothing within the four corners of the complaint that indicates that Mr. Blackburn's complaint, which failed to satisfy the notice pleading standard, would properly give rise to an immunity defense. Therefore, we

---

[1] Mr. Blackburn is self-represented. Respondents are represented by Wendy E. Greve, Esq., and Benjamin B. Vanston, Esq.

1

find that the circuit court erred by prematurely deciding this case on immunity grounds given the stage of the proceedings and insufficiency of Mr. Blackburn's complaint.

*Blackburn v. City of Smithers*, No. 22-ICA-69, 2023 WL 3172014, at \*3 (W. Va. Ct. App. May 1, 2023) (memorandum decision). This Court remanded the matter to the circuit court for entry of an order dismissing the previous complaint without prejudice.

On August 23, 2023, Mr. Blackburn filed his new complaint, which added Respondent Brian Whittington as a named defendant and specifically alleged as follows:

The plaintiff, Barry A. Blackburn, both individually and doing business as Dawn's Thrift Shop. [sic] makes the following allegations against defendants City of Smithers and Brian Whittington, Building Inspector for the City of Smithers and Individually:

1. That on March 6, 2020, Brian Whittington, acting as a Building Inspector for the City of Smithers, requested that the plaintiff meet him at Dawn's Thrift Shop located at 46 Michigan Avenue, Smithers, Fayette County, West Virginia, and owned by the plaintiff Barry A. Blackburn, a notice which read as follows: "DANGER THIS STRUCTURE IS DECLARED UNSAFE AND UNFIT FOR HUMAN OCCUPANCY OR USE. IT IS UNLAWFUL FOR ANY PERSON TO OCCUPY THIS STRUCTURE ON OR AFTER MARCH 6, 2020."

2. That placement of this Notice violated An Ordinance to Establish a Building Commission for the Town of Smithers, West Virginia, the City of Smithers Dilapidated Building and Beautification Ordinance, which sets forth a detailed process to be followed by the City of Smithers in order to protect the plaintiff's due process rights before any building located in the City of Smithers may be condemned.

3. That placement of this notice violated W. Va. 8-12-16 which sets forth regulations regarding the repair, alteration, improvement, closing, demolition, etc. of structures, dwellings, or buildings that are unsafe, unsanitary, dangerous, or detrimental to the public safety or welfare and the procedure that must be followed.

4. That Brian Whittington who identified himself to the plaintiff as the Building Inspector for the City of Smithers, had not received the proper training to perform the duties of a Building Inspector as required by Title 103 of Legislative Rules State Fire Marshal, Series 6, Standards for the Certification

and Continuing Education of Municipal, County, and Other Public Sector Building Code Officials, Building Code Inspectors and Plans Examiner.

5. That in addition to designating Brian Whittington as its Building Inspector, the City of Smithers issued Mr. Whittington a badge, a gun, and a police cruiser and allowed him to make traffic stops and backup the City's police force even though Mr. Whittington had not received training to act as a law enforcement officer.

6. That when Mr. Whittington placed the aforesaid Notice on the plaintiff's building, Mr. Whittington was driving a police cruiser and wearing a service weapon and those circumstances caused the plaintiff to fear he might be arrested if he disputed the placement of said Notice.

7. That the placement of said Notice resulted in Plaintiff's being denied access to his building for approximately sixteen (16) months in violation of his due process rights as set forth in the City of Smithers Building Code and in W. Va. 8-12-16.

8. That following an approximate sixteen-month period, an inspection of the building was conducted by the Plaintiff, Mr. Whittington, the City's Engineer, and members of City Council.

9. That following said inspection the City's Engineer provided a report to the City that he found no extensive damage to the foundation and floor of the building and further found that the damage to the roof of the building and the gaping hole in the building was the result of the plaintiff's being denied access to the building for sixteen months.

10. That thereafter, the City's Attorney dismissed all actions against the plaintiff and his property and plaintiff was able to enter his own building.

**INASMUCH** as the plaintiff's property was damaged and he sustained a loss of rent and income for a period of sixteen (16) months as a result of the actions of the defendants in denying him his due process rights, the plaintiff is seeking $720,000 in loss rental income and $150,000 in damages to the building and its contents from the defendants, either jointly or severally, as a result of the defendants' refusal to allow him access to the property for a period of approximately sixteen (16) months along with any other damages and costs the Court deems fit.

On September 19, 2023, the Respondents filed their motion to dismiss Mr. Blackburn's new complaint. Following the filing of the motion to dismiss, on October 2,

3

2023, the circuit court entered its Briefing Order on Defendants' Motion to Dismiss which ordered Mr. Blackburn to file a response by October 16, 2023. The order indicated that the circuit court would only schedule a hearing once it received the briefing of both parties and decided that a hearing was necessary. The following day, counsel for Respondents filed a notice of hearing for the motion to dismiss which noticed the hearing for January 16, 2024. However, after Mr. Blackburn filed his brief in opposition to the motion to dismiss and Respondents filed a reply thereto, on November 8, 2023, the circuit court entered its Summary Order on Defendants' Motion to Dismiss. In that one-page order, the circuit court granted the motion to dismiss and ordered counsel for Respondents to submit a proposed order with findings of fact and conclusions of law within fourteen days.

On November 20, 2023, the circuit court entered its Order Granting Defendants' Motion to Dismiss. In that order, the circuit court concluded as follows: that the City was entitled to statutory immunity pursuant to the Governmental Tort Claims and Insurance Reform Act because Mr. Blackburn's allegations were premised on conduct related to its inspection powers and functions pursuant to West Virginia Code § 29-12A-5(a)(10) (1986) and no exceptions to immunity applied; that Mr. Blackburn failed to state a claim for a due process violation because the Respondents were entitled to statutory immunity; Mr. Blackburn failed to state a claim for a violation of the City's ordinances or W. Va. Code § 8-12-16 (2020) because there was no private cause of action for violations of the same; and that Mr. Blackburn's claims against Respondent Whittington were barred by the two-year statute of limitations because Mr. Blackburn did not sue Mr. Whittington in the original proceeding and therefore the savings statute did not apply to Mr. Blackburn's claims against Mr. Whittington.[2] It is from this order that Mr. Blackburn appeals.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). "A court reviewing the sufficiency of a complaint should view the motion to dismiss with disfavor, should presume all of the plaintiff's factual allegations are true, and should construe those facts, and inferences arising from those facts, in the light most favorable to the plaintiff." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of West Virginia*, 244 W. Va. 508, 520, 854 S.E.2d 870, 882 (2020) (citing *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 538, 236 S.E.2d 207, 212 (1977)).

On appeal, Mr. Blackburn asserts that the circuit court erred in concluding that he failed to state a claim. We disagree. Under Rule 8 of the West Virginia Rules of Civil Procedure, "a complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is." *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 776, 461 S.E.2d 516, 522 (1995). Bald statements or a carelessly drafted pleading will not survive a Rule 12(b)(6)

---

[2] On appeal, Mr. Blackburn does not challenge the circuit court's conclusion that any claims against Mr. Whittington were barred by the statute of limitations.

motion to dismiss. *Highmark W. Virginia, Inc. v. Jamie*, 221 W. Va. 487, 491, 655 S.E.2d 509, 513 (2007) (per curiam) (internal citations omitted). A plaintiff may not "fumble around searching for a meritorious claim within the elastic boundaries of a barebones complaint[.]" *Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770 at 776, 461 S.E.2d at 522. Here, while Mr. Blackburn's complaint contains more information than his previous complaint, his new complaint consists only of bald conclusory statements that Respondents have violated statutes, regulations, and ordinances that do not provide for private causes of action under the facts alleged in this case. Accordingly, the circuit court did not err in concluding that Mr. Blackburn failed to state a claim.

Next, Mr. Blackburn asserts that the circuit court erred in finding that statutory immunity bars his claims because West Virginia Code § 29-12A-4(c)(2) (1986) "nullifies any statutory immunity granted to the City . . . under the Act." We disagree. While West Virginia Code § 29-12A-4(c)(2) provides that political subdivisions, such as the City, are liable for loss caused by the "negligent performance of acts by their employees while acting within the scope of employment," West Virginia Code § 29-12A-4(c) stipulates that its provisions are "[s]ubject to sections five and six of this article[.]"[3] In turn, West Virginia Code § 29-12A-5(a)(10) provides that political subdivisions, such as the City, are immune from liability if a claim results from the City's inspection powers or functions. Here, the added detail in Mr. Blackburn's new complaint makes it clear that his allegations are based upon the City's exercise of its inspection powers or functions. Accordingly, the circuit court did not err in concluding that Mr. Blackburn's claims are barred by statutory immunity.

Lastly, Mr. Blackburn asserts that the circuit court erred by failing to hold a hearing before granting the motion to dismiss. Again, we disagree. Pursuant to Rule 22.03 of the West Virginia Trial Court Rules, whether or not a circuit court holds a hearing on a motion is discretionary with the circuit court. Further, Mr. Blackburn does not assert why or how the briefing of the motion was insufficient for the circuit court to decide the motion. Accordingly, the circuit court did not abuse its discretion by granting the motion to dismiss on the briefing of the parties.

Therefore, we affirm the circuit court's November 20, 2023, order.

Affirmed.

**ISSUED:** December 6, 2024

---

[3] The Court notes that Mr. Blackburn's complaint does not use the word negligence at any point.

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Daniel W. Greear
Judge Charles O. Lorensen