OAKVALE ROAD PUBLIC SERVICE DISTRICT

*v.*

JERRY J. SMITH, *et al.*

(No. 14196)

Decided March 17, 1981.

*John P. Anderson* for appellant.

*Thomas S. Lilly* for appellees.

PER CURIAM:

In this appeal from the Circuit Court of Mercer County, the Oakvale Road Public Service District challenges a final judgment which granted the motion to dismiss of the appellees, Jerry J. Smith and Patricia Smith.

The appellees are owners of several residential lots located in the Reynolds Subdivision. In the fall of 1976, they purchased a house located in the path of a new highway and prepared to locate it on one of their lots. They contracted with an individual to excavate a foundation and during the excavation, a main sewer line belonging to the appellant was struck and broken. The parties were unable to agree on the repair of the line and the placement of the house.

In December 1976, the appellant filed a petition seeking a hearing on a temporary injunction request. On January 5, 1977, a hearing was held and a temporary injunction was issued to prevent the appellees from interfering with the appellant's attempts to repair the damage and to prohibit any further work in regard to the placement of the house. At the hearing the court and both counsel agreed that the case involved factual questions appropriate for presentation to a jury, and a jury trial was scheduled for January 20. No jury trial was held.

The appellees filed a motion to dismiss, and following a hearing during which the arguments of counsel were presented the court granted the motion, dismissed the temporary injunction and the action, and ordered the relocation of the sewer lines.

Appellant filed motions to set aside the judgment and "vouch the record for purposes of appeal." The motion to set aside the judgment was denied but the appellant was allowed to make an offer of proof indicating the evidence that would have been presented had the motion to dismiss not been granted.

The order granting the motion to dismiss reveals the following findings of fact which the trial court designated as conclusions of law: The grant of the easement for the sewer line contained a provision that "[s]uch lines shall be

located and constructed with as little injury to the property as reasonably possible. The sewer line as constructed by the plaintiff, running diagonally across Lot 6 . . . makes the lot totally unfit for building purposes . . . ." Upon these findings the court then concluded as a matter of law that the line's location violated the "as little injury as possible" proviso in the grant. It was upon these bases that the trial court grounded its dismissal.

The appellants contend that the trial court erred in dismissing their petition without a jury trial on the issues of whether the appellees had knowledge of the existence of the easement, whether they had knowledge of the existence and loation of the sewer line on the lot, and whether a reasonable inspection of the lot would serve to put a person on notice as to the line's existence and location. We agree with the appellant's contention.

These factual questions were properly raised by the appellant's pleadings and they should have been determined by a jury. Even though no jury trial was demanded in the petition, the court and both counsel agreed at the first hearing that a jury trial should be held and a trial was scheduled. There is nothing in the record to indicate that the appellant subsequently waived this right. In fact, during the hearing on the motion to dismiss, the appellant continued to seek a "full hearing" on the issues it had raised. The factual questions left undecided were material to the ultimate disposition of the appellant's claims, and the trial court's granting of the motion to dismiss did not eliminate the necessity for a jury to decide them.

Furthermore, we conclude the trial court erred in other respects in granting the motion to dismiss. In granting the motion to dismiss the trial court decided factual questions relating to the line's location and whether that location rendered the lot unfit for building purposes. In the context of ruling on a motion to dismiss the trial court could not properly remove these matters from a jury's consideration.

Although it is unclear from this record whether the motion to dismiss was regarded by the parties and the court

as a W.Va. R.C.P.(12)(b)(6) or 12(c) motion, the trial court's role was still limited to resolution of questions of law only.

"The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977).

*See also, John W. Lodge v. Texaco*, 161 W.Va. 603, 245 S.E.2d 157 (1978); W.Va. R.C.P. Annot. (Michie 1979), Rule 12, Note 4. In this instance the trial court erred in deciding these factual questions.

For the foregoing reasons, the final judgment of the Circuit Court of Mercer County complained of is reversed, and the case is remanded with directions that a jury trial be held on all factual issues fairly raised by the appellant's pleadings.

*Reversed and remanded.*