350 S.E.2d 562

Timothy FASS, Larry Nutter and Greg Boser

v.

NOWSCO WELL SERVICE, LTD.

No. 16879.

Supreme Court of Appeals of West Virginia.

Nov. 13, 1986.

***

9. See *W.Va.Code,* 55–13–2 [1941] and *W.Va. R.Civ.P.* 57 for provisions relating to declaratory judgment actions.

a dismissal order of their actions entered on April 29, 1985, by the Circuit Court of Harrison County. The court determined that the appellant's complaint alleging wrongful discharge and intentional infliction of emotional distress failed to state a claim upon which relief could be granted pursuant to *W.Va.R.Civ.P.* 12(b)(6). This Court has before it the petition for appeal, all matters of record and the briefs of counsel.

Appellants are Timothy Fass, Larry Nutter and Greg Boser. All are former employees of the appellee.

Appellee is Nowsco Well Service Ltd., a Canadian well-service corporation, authorized to do business in the State of West Virginia.

·I

The question before us is whether the dismissal order pursuant to *W.Va.R.Civ.P.* 12(b)(6) was proper.

Pursuant to Rule 12(b)(6) of the *West Virginia Rules of Civil Procedure,* the trial court may dismiss a pleading for failure to state a claim upon which relief can be granted. The purpose of a motion under this rule is to test the formal sufficiency of the complaint. *John W. Lodge Distributing Co. v. Texaco, Inc.,* 161 W.Va. 603, 604–05, 245 S.E.2d 157, 158 (1978). In West Virginia practice, motions to dismiss are generally viewed with disfavor because the complaint is to be construed in the light most favorable to the plaintiff and its allegations are to be taken as true. *Sticklen v. Kittle,* 168 W.Va. 147, 163–64, 287 S.E.2d 148, 157 (1981); *Mandolidis v. Elkins Industries, Inc.,* 161 W.Va. 695, 718, 246 S.E.2d 907, 920 (1978).

In syllabus point 3 of *Chapman v. Kane Transfer Co.,* 160 W.Va. 530, 236 S.E.2d 207 (1977), this Court held that "[t]he trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See also* syl. pt. 2, *Sticklen v. Kittle,* 168 W.Va. 147, 287

Daniel V. Lane, Clarksburg, for appellants.

Catherine D. Munster, James E. McNeer, Clarksburg, for appellee.

PER CURIAM:

Three civil actions instituted by the appellants against their former employer were consolidated. This appeal arises from

**52**

S.E.2d 148 (1981); syl., *Warner v. Kittle,* 167 W.Va. 719, 280 S.E.2d 276 (1981); syl., *Oakvale Road Public Service District v. Smith,* 166 W.Va. 545, 276 S.E.2d 218 (1981); syl., *Flowers v. City of Morgantown,* 166 W.Va. 92, 272 S.E.2d 663 (1980); syl. pt. 2, *Leasetronics, Inc. v. Charleston Area Medical Center, Inc.,* 165 W.Va. 773, 271 S.E.2d 608 (1980); syl., *Dishman v. Jarrell,* 165 W.Va. 709, 271 S.E.2d 348 (1980); syl. pt. 1, *Pauley v. Kelly,* 162 W.Va. 672, 255 S.E.2d 859 (1979); syl. pt. 3, *Mandolidis v. Elkins Industries, Inc.,* 161 W.Va. 695, 246 S.E.2d 907 (1978); syl., *John W. Lodge Distributing Co. v. Texaco, Inc.,* 161 W.Va. 603, 245 S.E.2d 157 (1978).

However, it has been held that essential material facts must appear on the face of the complaint. *See Greschler v. Greschler,* 71 A.D.2d 322, 325, 422 N.Y.S.2d 718, 720 (1979).

■ The complaint must set forth enough information to outline the elements of a claim or permit inferences to be drawn that these elements exist. *German v. Killeen,* 495 F.Supp. 822, 827 (E.D.Mich.1980); *see also Jenkins v. McKeithen,* 395 U.S. 411, 423–24, 89 S.Ct. 1843, 1849–50, 23 L.Ed.2d 404, 417–18 (1969). *See W.Va. R.Civ.P.* 8(a).*

■ The federal courts have held that in order to withstand a 12(b)(6) motion, more detail is required than the bald statement that the plaintiff has a valid claim of some type against the defendant. 5 C. Wright and A. Miller, *Federal Practice and Procedure: Civil* 596 (1969); *see also Jackson v. Nelson,* 405 F.2d 872, 873 (9th Cir.1968); *Stewart v. Hevelone,* 283 F.Supp. 842, 844 (D.Neb.1968). Thus, rules of civil procedure clearly contemplate some factual statement in support of the claim. *Huey v. Barloga,* 277 F.Supp. 864, 871 (N.D.Ill. 1967).

*L.S. Good & Co. v. H. Daroff & Sons, Inc.,* 263 F.Supp. 635 (N.D.W.Va.1967), involved an action for alleged antitrust viola-tions by a clothing distributor against a men's clothing manufacturer. The court granted the defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.* In so holding, the court found that the complaint was insufficient in that no supporting facts were alleged to substantiate the plaintiff's charges. The court reasoned that a conclusory allegation of this type does not set forth a cause of action. 263 F.Supp. at 647. *See also Glenn Coal Co. v. Dickinson Fuel Co.,* 72 F.2d 885, 888 (4th Cir.1934).

In *Sutton v. Eastern Viavi Co.,* 138 F.2d 959 (7th Cir.1943), the court ruled that no claim for relief is stated if the complaint pleads facts insufficient to demonstrate that a legal wrong has been committed, or omits an averment necessary to establish the wrong or fails to so link the parties with the wrong as to entitle the plaintiff to redress. 138 F.2d at 960.

This Court, in *Sticklen v. Kittle,* 168 W.Va. 147, 287 S.E.2d 148 (1981), considered whether certain allegations of a complaint were sufficient to warrant interference with a county board of education's authority in the selection and acquisition of a school site. This Court affirmed the circuit court's dismissal order of certain counts of the complaint pursuant to Rule 12(b)(6) because the specific allegations of the complaint failed to sufficiently state a cause of action.

In so holding, this Court stressed:

[L]iberalization in the rules of pleading civil cases does not justify a carelessly drafted or baseless pleading. As stated in Lugar and Silverstein, *West Virginia Rules of Civil Procedure* (1960) at 75: 'Simplicity and informality of pleading do not permit carelessness and sloth: the plaintiff's attorney must know every essential element of his cause of action and must state it in the complaint.' [footnote omitted]

---

* Rule 8(a) of the Federal Rules of Civil Procedure differs from the corresponding West Virginia rule in that the federal rule requires that the complaining party specifically plead the grounds upon which the court's jurisdiction depends, provided that the court does not already have jurisdiction. *Fed.R.Civ.P.* 8(a)(1).

*Sticklen v. Kittle,* 168 W.Va. 147, 164, 287 S.E.2d 148, 157–58 (1981).

■ In the case before us, the appellants' complaint is conclusory and imprecise. The sole allegation regarding "the motivating reason" for the appellants' termination is that they "stopped to eat and relax" after working continuously for a specified period of time.

The allegations in this case are unsupported by essential factual statements. Absent in the complaint is any factual reference to the location of work, the conditions under which the appellants were employed, or the regularity of their working hours. General allegations in this regard are insufficient and those set forth in this complaint are mere sketchy generalizations of a conclusive nature unsupported by operative facts. *Daves v. Hawaiian Dredging Co.,* 114 F.Supp. 643 (D.Haw.1953).

■ Especially in the wrongful discharge context, sufficient facts must be alleged which outline the elements of the plaintiff's claim. In *Harless v. First National Bank,* 162 W.Va. 116, 246 S.E.2d 270 (1978), this Court recognized a cause of action for wrongful discharge when a substantial public policy principle is violated. In the case before us, unlike the complaint in *Harless,* which this Court reviewed in resolving that case, there are no specific statements alleging what precipitated the discharge, other than the fact that the appellants "stopped to eat and relax."

Because we find the complaint fails to meet even the liberal standards for civil pleading established in *Chapman* and its progeny, as well as the foregoing federal precedents, we hold that the trial court did not err in dismissing the complaint.

No other errors being raised on this appeal, for the foregoing reasons the dismissal order of the Circuit Court of Harrison County is affirmed.

Affirmed.