441 S.E.2d 398

Rebecca D. OWEN, Plaintiff Below, Appellant,

v.

The BOARD OF EDUCATION OF the COUNTY OF MERCER; Joanna Fredeking, Mary Ann Winter, Steven Akers, Margaret Pace and William Baker, Individually, Defendants Below, Appellees.

No. 21824.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 12, 1994.

Decided Feb. 18, 1994.

Rebecca E. Mick, Crandall, Pyles & Haviland, Logan, and Mary Ellen Griffith, Bell, Griffith & Warner, Princeton, for appellant.

Charles R. Bailey and Paul L. Weber, Shuman, Annand & Poe, Charleston, for appellees.

PER CURIAM:

In this appeal, the appellant and plaintiff below, Rebecca D. Owen, seeks to set aside the January 21, 1993, order of the Circuit Court of Mercer County that dismissed her complaint based on the defendants' motion to dismiss for failure to state a cause of action under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.

The complaint filed by Ms. Owen stated that she was employed by the Mercer County Board of Education (Board) as a teacher of behaviorally disordered children and was terminated from her employment at the end of the school year when her contract was not renewed. The complaint alleged that Ms. Owen was terminated because she was a strong advocate for special education students and for the enforcement of their rights contained in the Education of Exceptional Children Act, W.Va.Code, 18-20-1, *et seq.*, and the Education of the Handicapped Act, 20 U.S.C. § 1400 *et seq.* (1988). She contended that her termination violated the substantial public policy contained in these statutory provisions and she sought damages therefor.

The individual appellees and defendants below are the school principal, the supervisor and the director of special education in Mercer County, the director of personnel, and the county superintendent. The defendants filed a motion to dismiss based on three grounds. First, they alleged that the complaint failed to allege facts showing that Ms. Owen was discharged by the Board. Second, assuming *arguendo* that she was discharged, the defendants alleged that the complaint failed to establish that Ms. Owen was discharged in contravention of a substantial public policy of West Virginia. Third, even if there were sufficient facts alleging a wrongful discharge by the Board, the defendants contended that there were insufficient facts asserted against the individual defendants.

In *Fass v. Nowsco Well Service, Inc.*, 177 W.Va. 50, 350 S.E.2d 562 (1986), we discussed at some length the sufficiency of a complaint that claimed the plaintiff had been wrongfully discharged in violation of the rule first established in the Syllabus of *Harless v. First National Bank in Fairmont*, 162 W.Va. 116, 246 S.E.2d 270 (1978):

> "The rule that an employer has an absolute right to discharge an at will employee must be tempered by the principle that where the employer's motivation for the discharge is to contravene some substantial public policy [principle], then the employer may be liable to the employee for damages occasioned by this discharge."

The complaint in *Fass* was dismissed on a Rule 12(b)(6) motion. We found it to be quite general and stated "there are no specific statements alleging what precipitated the discharge, other than the fact that the appellants 'stopped to eat and relax.'" 177 W.Va. at 53, 350 S.E.2d at 565. We recognized in the Syllabus of *Fass* that a review of the pleadings on a Rule 12(b)(6) dismissal is to be done in a liberal fashion:

> " ' "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl., *Flowers v. City of Morgantown*, 166 W.Va. 92, 272 S.E.2d 663 (1980).'

Syl. pt. 2, *Sticklen v. Kittle*, 168 W.Va. 147, 287 S.E.2d 148 (1981)."

However, notwithstanding this rule, we concluded in *Fass* that the complaint totally lacked any specificity of facts that would support a *Harless* claim and rendered its dismissal under Rule 12(b)(6) appropriate. In the present case, the complaint contained only the conclusionary statement that "Plaintiff was wrongfully and deliberately fired ... for unlawful reasons in violation of substantial public policies of the State of West Virginia and state and federal law, including, but not limited to, the Education of Exceptional Children Act, *West Virginia Code* § 18–20–1, *et seq.*, and the Education of the Handicapped Act, 20 USCS § 1401." It contains no specific facts which identify the event or policy. Under *Fass*, the dismissal was proper.

Therefore, the judgment of the Circuit Court of Mercer County is affirmed.

Affirmed.