672 S.E.2d 191

**Matthew Brian YOAK, M.D., Plaintiff Below, Appellant,**

v.

**MARSHALL UNIVERSITY BOARD OF GOVERNORS; University Physicians and Surgeons, Inc., and David A. Denning, M.D., Defendants Below, Appellees.**

No. 33863.

Supreme Court of Appeals of West Virginia.

Submitted: Oct. 28, 2008.

Decided: Dec. 9, 2008.

William V. DePaulo, Esq., Charleston, for Appellant.

Charles R. Bailey, Esq., Vaughn T. Sizemore, Esq., Bailey & Wyant, Charleston, for Appellees.

PER CURIAM.[1]

The appellant, Dr. Mathew B. Yoak, filed a civil action for both injunctive and monetary relief against his former employers, Marshall University Board of Governors and University Physicians and Surgeons, Inc., and also against David A. Denning, Chairman of the Department of Surgery at the Marshall University School of Medicine. In his complaint Dr. Yoak asserted claims against the Marshall University Board of Governors for misappropriation of identity, negligent credentialing, and wrongful termination. Dr. Yoak's claim against University Physicians and Surgeons, Inc. was for wrongful termination and his claim against Dr. Denning was for malicious tortious interference with his contracts of employment.

The circuit court dismissed the complaint for failure to state a cause of action and the appellant appeals. For the reasons stated *infra*, we affirm.

I.

From the record in this case we observe the following: In 2002, the appellant, Dr. Mathew B. Yoak ("Yoak") accepted a faculty position as assistant professor of surgery at the Joan C. Edwards School of Medicine at Marshall University. Dr. Yoak had a written employment contract with the Marshall University Board of Governors ("MUBG"). The contract ran from July 1, 2002, through June 30, 2003, and was renewed annually in separate agreements in 2003 and 2004—the last employment period ending June 30, 2005. In 2002, with the original contract and each renewal, Yoak simultaneously accepted a position on the medical staff of University Physicians and Surgeons, Inc. ("UP & S"). UP & S is a private West Virginia corporation which, for contract employees like Dr. Yoak, provides services—administrative services, clinical space, support staff and billing, collection and payroll services—to the medical faculty of the Joan C. Edwards School of Medicine at Marshall University.

The chain of events leading to the filing of his complaint in the instant case began on November 17, 2004, when Yoak submitted his resignation to Dr. Denning, Chairman of the Department of Surgery at the Marshall University School of Medicine. Yoak's resignation was to be effective on December 31, 2004, six months prior to the termination of his written contracts with MUBG and UP & S. On November 19, 2004, following receipt of Yoak's resignation letter, Dr. Denning terminated Yoak's employment effective December 3, 2004.

On December 18, 2006, Yoak filed his complaint in the instant case claiming causes of action for: 1. "Breach of Contract Against MUBG," 2. "Breach of Contract Against UP & S," 3. "Negligence Against MUBG," 4. "Tortious Interference With Contract" against David A. Denning, and 5. "Misappropriation of Identity." Yoak's prayer for re-

---

1. Pursuant to an administrative order entered on September 11, 2008, the Honorable Thomas E. McHugh, Senior Status Justice, was assigned to sit as a member of the Supreme Court of Appeals of West Virginia commencing September 12, 2008 and continuing until the Chief Justice determines that assistance is no longer necessary, in light of the illness of Justice Joseph P. Albright.

lief requested an award for unspecified damages and injunctive relief.

On December 26, 2006, the appellees filed a "Defendants' Motion to Dismiss" pursuant to Rules 12(b)(1) and (6) of the *West Virginia Rules of Civil Procedure.* On February 15, 2007, the circuit court heard oral arguments on the motion to dismiss. On May 23, 2007, the circuit court entered an order granting the defendants' motion. It is from this May 23rd order that the appellant appeals.

## II.

■ "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syllabus Point 2 of *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995).

The appellant's first and second assignments of error relate to claims growing out of the appellees' handling of internet web site information. In the first assignment of error the appellant claims that circuit court erred in dismissing his claim for misappropriating the appellant's identity based upon the appellee's failure to remove the appellant's name from its web site after he left his employment with the appellees. In the second assignment of error the appellant claims that the circuit court erred in dismissing the appellant's negligence claim against MUBG for publishing inaccurate information concerning the appellant's credentials on the appellees' web site.

The appellees argue, in part, that the circuit court ruling was correct because of the application of principles of qualified immunity and because of disclaimers included on both the medical school and MUBG's web sites.[2] The appellees also argue that the misappropriation of identity claim is a novel claim without supporting legal authority. The circuit court dismissed these claims based upon grounds of qualified immunity, the web site disclaimers, and the lack of legal support for the novel claim for the misappropriation of identity.

In the appellant's third assignment of error the appellant claims that the circuit court erred in dismissing his claim for wrongful discharge. The appellant argues that the circuit court erred in its application of immunity principles and the doctrine of anticipatory breach of contract. The appellant also argues that the circuit court erred in its application of the principle "failure to exhaust administrative remedies."

The appellees contend that the circuit court properly found that qualified immunity is applicable to the instant case. In its dismissal order the circuit court found that the appellant's complaint "fails to rise to the standard required to defeat the Defendants' entitlement to qualified immunity." Specifically, the circuit court held that while the appellant does allege that the appellees acted "unlawfully, and without justification or compliance with applicable procedure," the appellant has not alleged that the appellees' "actions violated any clearly established statutory or constitutional rights of which a reasonable person … would have known …." *See* Syllabus *State v. Chase Securities, Inc.,* 188 W.Va. 356, 424 S.E.2d 591 (1992). See *also* Syllabus Point 3 of *Clark v. Dunn,* 195 W.Va. 272, 465 S.E.2d 374 (1995) and Sylla-

**2.** The appellees' brief states that the School of Medicine web site contains the following disclaimer:

Information on the Marshall University Joan C. Edwards School of Medicine Web site is provided by faculty, staff, students and organizations. Although we strive to keep our Web information accurate and up-to-date, we cannot always guarantee accuracy. The School of Medicine is not to be held responsible for errors or omissions in information provided via the Web site. Visitors to the School of Medicine site are responsible for contacting the appropriate person/department to verify information and should not rely on the information contained within the site.

Also, the appellees state that the Marshall University web site contains a similar disclaimer:

The content of the official Marshall University web site (http://www.marshall.edu) is maintained by multiple departments, organizations and individuals associated with Marshall University. This content is provided as a service to our visitors, and, as such, Marshall University cannot be held liable for the accuracy of the information. Visitors are encouraged to contact the parties responsible for publishing the content to the site to verify that the information is correct.

bus Point 8 of *Parkulo v. West Virginia Board of Probation and Parole,* 199 W.Va. 161, 483 S.E.2d 507 (1996).

With respect to anticipatory breach the circuit court relied on Syllabus Point 1 of *Annon v. Lucas,* 155 W.Va. 368, 185 S.E.2d 343 (1971) in which this Court held:

> The general rule in cases of anticipatory breach of contract is that where one party repudiates the contract and refuses longer to be bound by it, the injured party has an election to pursue any of three remedies: he may treat the contract as rescinded and recover on quantum meruit so far as he has performed; or he may keep the contract alive for the benefit of both parties, being at all times ready and able to perform, and at the end of the time specified in the contract for performance, sue and recover under the contract; or he may treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized, if he had not been prevented from performing.

The circuit court concluded that "... the Plaintiff [Yoak] cannot offer his resignation in violation of his agreement, and then complain that the Defendants [Appellees] accepted it before he was ready."

Applying the same reasoning the circuit court found that the appellant's claim for tortious interference with contracts against Dr. Denning cannot survive because the appellant, himself, rescinded the contracts; therefore, Yoak's own actions precipitated the appellees' actions, not any tortious interference with the contracts by Dr. Denning.

When ruling on appeals involving dismissals under Rule 12(b)(6) of the *West Virginia Rules of Civil Procedure,* the Court has said: "The purpose of a motion under Rule 12(b)(6) of the *West Virginia Rules of Civil Procedure* is to test the formal sufficiency of the complaint." *Mandolidis v. Elkins Industries, Inc.,* 161 W.Va. 695, 717, 246 S.E.2d 907, 920 (1978). Also, we have stated: "A motion to dismiss under Rule 12(b)(6) enables a circuit court to weed out unfounded suits." *State ex rel. McGraw v. Scott Runyan, Pontiac–Buick, Inc., supra,* 194 W.Va.

at 776, 461 S.E.2d at 522. *See also* Footnote 5 of *Dimon v. Mansy,* 198 W.Va. 40, 47, 479 S.E.2d 339, 347 (1996) ("Thus, the singular purpose of a Rule 12(b)(6) motion is to seek a determination whether the plaintiff is entitled to offer evidence to support the claims made in the complaint."); and *Fass v. Nowsco Well Service, Ltd.,* 177 W.Va. 50, 350 S.E.2d 562 (1986) (Although a motion to dismiss under Rule 12(b)(6) is viewed with disfavor, if a plaintiff's complaint states no cause of action upon which relief may be granted, then the Rule 12(b)(6) motion to dismiss should be granted.).

This Court has also addressed cases in which governmental immunities are asserted. In Syllabus Point 1 of *Hutchison v. City of Huntington,* 198 W.Va. 139, 479 S.E.2d 649 (1996) this Court held:

> The ultimate determination of whether qualified or statutory immunity bars a civil action is one of law for the court to determine. Therefore, unless there is a bona fide dispute as to the foundational or historical facts that underlie the immunity determination, the ultimate questions of statutory or qualified immunity are ripe for summary disposition.

This Court has also said that "... claims of immunity, where ripe for disposition, should be summarily decided before trial." *Hutchison, supra,* 198 W.Va. at 147, 479 S.E.2d at 657. The *Hutchison* Court further elaborated on the procedure to be followed by stating that

> [i]mmunities under West Virginia law are more than a defense to a suit in that they grant governmental bodies and public officials the right not to be subject to the burden of trial at all. The very heart of the immunity defense is that it spares the defendant from having to go forward with an inquiry into the merits of the case.

*Hutchison, supra,* 198 W.Va. at 148, 479 S.E.2d at 658 (citation omitted). We are persuaded that "sparing the defendant from having to go forward with an inquiry into the merits of the case" includes the burden of discovery. *See Holland ex rel. Overdorff v. Harrington,* 268 F.3d 1179, 1185 (10th Cir. 2001).

With the above-stated principles in mind, and after having thoroughly reviewed the record, briefs and argument of counsel, we are unable to conclude that the circuit court committed error with respect to its consideration of the appellees motion to dismiss.

Therefore, based on the foregoing discussion, we agree with the circuit court that appellant's claims for misappropriating his identity and negligence in posting inaccurate information on appellees' web site should be dismissed for failure to state a cause of action upon which relief can be granted. We further agree with the circuit court that appellant's claim for wrongful discharge and tortious interference with contracts are insufficient to sustain a cause of action against the appellees.

### III.

Accordingly, we affirm the decision of the circuit court.

Affirmed.

Justice ALBRIGHT not participating.

Senior Status Justice McHUGH, sitting by temporary assignment.