No. 18-0984 –    *Mountaineer Fire & Rescue Equipment, LLC, Brian Cavender, and Walter Cavender v. City National Bank of West Virginia, and Joe Beam*

Jenkins, Justice, concurring, in part, and dissenting,

in part, joined by Chief Justice Armstead:

**FILED**
**November 23, 2020**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

The majority's opinion in this case correctly finds that the circuit court was well within its discretion to consider (1) the 2011 and 2013 Resolutions; and (2) the 2011 and 2013 account applications in making its decision on the motion to dismiss. Additionally, the opinion also properly determines that the circuit court erred when it dismissed Petitioners' counterclaims pertaining to Respondent Joe Beam, for failure to state claims upon which relief could be granted pursuant to Rule 12 (b)(6) of the West Virginia Rules of Civil Procedure.

However, this is the extent of my agreement with the majority in this case. I do not agree with the majority's determination that the circuit court should have rejected City National's proffer of checks and bank statements or converted the motion to dismiss into one for summary judgment under Rule 56 of the West Virginia Rules of Civil Procedure. I also disagree with the majority's assessment that the circuit court erred in dismissing the counterclaims as they pertain to Respondent City National.

1

City National instituted an interpleader action against Petitioners and Joe Beam after a dispute arose among the parties as to Mountaineer Fire's commercial checking account. In their answer, Mountaineer Fire and the Cavenders (collectively "Petitioners") asserted counterclaims against City National stemming from their allegation that they were "unaware" of the commercial checking account at City National. However, despite these claims, City National states that multiple checks were written to and cashed by the Petitioners from this account over a period of many months. Therefore, due to this inconsistency, City National filed a motion to dismiss the counterclaims for failure to state a claim upon which relief could be granted. The circuit court granted the motion to dismiss.

### A. *Documents Considered by the Circuit Court*

First, the majority opinion properly determines that the circuit court was well within its discretion to consider (1) the 2011 and 2013 Resolutions; and (2) the 2011 and 2013 account applications in making its decision on the motion to dismiss. However, I disagree with the majority's determination that the circuit court should have rejected City National's proffer of checks and bank statements or converted the motion to dismiss into one for summary judgment under Rule 56 of the West Virginia Rules of Civil Procedure.

It is the general rule that circuit courts considering motions to dismiss under Rule 12(b)(6) should confine their review to the four corners of the complaint or other disputed pleading and may not consider extraneous documents. However, Rule 10(c) of

2

the West Virginia Rules of Civil Procedure provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Therefore, this Court has recognized a limited exception. In Syllabus point 1 of *Forshey v. Jackson*, 222 W. Va. 743, 671 S.E.2d 748 (2008), we held that "[a] circuit court ruling on a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure may properly consider exhibits attached to the complaint without converting the motion to a Rule 56 motion for summary judgment." *See e.g.*, *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

The majority opinion properly uses this logic in correctly finding that the 2011 and 2013 Resolutions, and the 2011 and 2013 account applications were "specifically relied upon, and quoted extensively from," and therefore were properly considered by the circuit court. However, the majority abandoned this logic when examining the copies of checks and account statements that were incorporated into City National's motion to dismiss and later reply.

Petitioners repeatedly alleged in their pleading that they were unaware of the City National account opened by Mr. Beam. City National argued in its motion to dismiss that not only did Petitioners *know* about the account, but also that Petitioners *used* the account. To rebut Petitioners' allegations and to demonstrate Petitioners' knowledge, City

3

National provided checks payable to the Petitioners *from this account* which were then *cashed* by Petitioners.

When "evaluating a motion to dismiss, *we may consider documents that are attached to or submitted with the complaint . . .* and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004). Here, Petitioners' counterclaims are grounded in their contention that they were *unaware* of the account. When City National countered these allegations by producing checks and account statements, they were properly considered by the circuit court because they were "integral to the claim"—did Petitioners *know* or did they *not know* about the account. Therefore, I disagree with the majority opinion's determination that the circuit court erred in considering these documents.

## B. Dismissal of Counterclaims

Next, the majority spends a considerable amount of its analysis reiterating the parameters of Rule 12(b)(6). While I generally agree with the majority's explanation that complaints are to be construed in the light most favorable to the plaintiff, and its allegations are to be taken as true, this Court has also

> made equally clear that complaints must minimally place a
> defendant on notice of the claim against it. West Virginia Rule

4

of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" In that regard, the Court has explained that "Rule 8 of the Rules of Civil Procedure requires clarity but not detail*." State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 776, 461 S.E.2d 516, 522 (1995). Moreover, we have observed that "[t]he primary purpose of these provisions is rooted in fair notice. Under Rule 8, a complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is." *Id.* (emphasis added).

*Malone v. Potomac Highlands Airport Auth.*, 237 W. Va. 235, 240, 786 S.E.2d 594, 599

(2015). Further, despite recognizing a more liberal policy for notice pleading, it

> does not justify a carelessly drafted or baseless pleading. As stated in Lugar and Silverstein, *West Virginia Rules of Civil Procedure* (1960) at 75: "Simplicity and informality of pleading do not permit carelessness and sloth: the plaintiff's attorney must know every essential element of his cause of action and must state it in the complaint."

*Sticklen v. Kittle*, 168 W. Va. 147, 164, 287 S.E.2d 148, 158 (1981).

Recently, this Court discussed the parameters of Rule 12(b)(6) in another

case, *Newton v. Morgantown Mach. & Hydraulics of W. Virginia, Inc.*, 242 W. Va. 650,

838 S.E.2d 734 (2019). In *Newton*, we emphasized that although plaintiffs are given

considerable deference in drafting their complaints,

> "a plaintiff may not 'fumble around searching for a meritorious claim within the elastic boundaries of a barebones complaint[,]' *see Chaveriat v. Williams Pipe Line Co.,* 11 F.3d 1420, 1430 (7th Cir.1993), or where the claim is not authorized by the laws of West Virginia." *Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. at 776, 461 S.E.2d at 522 (1995). "[I]f a plaintiff does not plead all of the essential elements of his or her legal claim, a [trial] court is required to dismiss the

5

complaint pursuant to Rule 12(b)(6)." Louis J. Palmer, Jr. and Robin Jean Davis, *Litigation Handbook on West Virginia Rules of Civil Procedure*, 406-07 (5th ed. 2017) (quotations and citation omitted).

As recently noted by this Court in *Doe v. Logan County Board of Education*, 242 W. Va. 45, 829 S.E.2d 45 (2019), "[t]he purpose of a motion under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is to test the sufficiency of the complaint." *Id.* at ___, 829 S.E.2d at 49 (quotations and citation omitted). When testing the sufficiency of a complaint, "'"[w]hether a complaint states a claim upon which relief may be granted is to be determined solely from the provisions of such complaint[.]" Syl. pt. 3, in part, *Barker v. Traders Bank*, 152 W. Va. 774, 166 S.E.2d 331 (1969).' Syl. Pt. 2, *Par Mar v. City of Parkersburg*, 183 W. Va. 706, 398 S.E.2d 532 (1990)." Syl. pt. 11, *Vanderpool v. Hunt*, 241 W. Va. 254, 823 S.E.2d 526 (2019).

*Newton*, 242 W. Va. at 653, 838 S.E.2d at 737.

In the case *sub judice*, the majority finds that the counterclaims alleged against City National were wrongly dismissed by the circuit court. More specifically, it finds that the counterclaims properly stated claims for breach of contract; breach of the duty of good faith and fair dealing; aiding and abetting the breach of fiduciary duties; and aiding and abetting tortious interference.

All of the counterclaims against City National are based on the false allegation that the Petitioners were unaware of the commercial checking account at issue. However, as stated above, City National has not only demonstrated that the Petitioners were *aware* of the bank account, but also that the motion to dismiss failed to state a claim upon which relief could be granted.

6

Petitioners' first counterclaim was for breach of contract. To establish a breach of contract claim in West Virginia, three elements must be presented. "A claim for breach of contract requires proof of the formation of a contract, a breach of the terms of that contract, and resulting damages." *Sneberger v. Morrison*, 235 W. Va. 654, 669, 776 S.E.2d 156, 171 (2015). However, Petitioners never identified any specific provision that they believe was breached; rather, they simply stated that a breach occurred.

While I acknowledge that a plaintiff pleading a claim has no duty to plead a *prima facie* case, this Court has stated

> that "[g]eneral allegations in this regard are insufficient" and there must be more than "mere sketchy generalizations of a conclusive nature unsupported by operative facts." *Fass v. Nowsco Well Serv., Ltd.*, 177 W. Va. 50, 53, 350 S.E.2d 562, 564 (1986) (affirming circuit court's dismissal of complaint which failed to state a claim for wrongful discharge in contravention of substantial public policy). Rather, "[e]specially in the wrongful discharge context, sufficient facts must be alleged which outline the elements of the plaintiff's claim." *Id.* at 53, 350 S.E.2d at 564-65.

*Newton*, 242 W. Va. at 654, 838 S.E.2d at 738.

Here, the counterclaims are "sketchy generalizations" that fail to identify any contractual provision allegedly breached by City National. The Petitioners' counterclaims and response go no further than to generally state that a breach of contract occurred—even the majority opinion concedes that Petitioners' claims are poorly drafted. These generalizations put forth by Petitioners are specifically troubling because not only does this

7

warrant dismissal of the breach of contract claim, but also the other counterclaims propounded by Petitioners. For instance, without a breach of contract, there can be no breach of implied covenant of good faith and fair dealing. *See e.g.*, *Highmark West Virginia, Inc. v. Jamie*, 221 W. Va. 487, 655 S.E.2d 509 (2007) ("[A]n implied covenant of good faith and fair dealing does not provide a cause of action apart from a breach of contract claim.").

As noted by the majority opinion, "[a] complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is." *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 776, 461 S.E.2d 516, 522 (1995). In the case *sub judice*, without identifying specific provisions of the contract, City National is left "fumbling around" trying to decipher the claims being asserted against it. As such, Petitioners fail to assert a proper claim for breach of contract under Rule 12(b)(6). And, because the counterclaim fails to state a claim for breach of contract, there also can be no cause of action for breach of an implied covenant of good faith and fair dealing. Therefore, the circuit court was correct in dismissing these claims.

Further, the other claims put forth by Petitioners—aiding and abetting breach of fiduciary duty; and aiding and abetting tortious interference—were not briefed before this Court, and therefore are presumed to have been abandoned. *See* Syl. pt. 6, *Addair v. Bryant*, 168 W. Va. 306, 284 S.E.2d 374 (1981) ("Assignments of error that are not argued

in the briefs on appeal may be deemed by this Court to be waived."). However, for the sake of argument, even had the claims been properly briefed, I believe the circuit court was correct in dismissing these claims.

This Court has expressly found that "[w]here there is a general deposit of money in a bank, the title to and beneficial ownership of the money is vested in the bank, and the relation between it and the depositor is that of debtor and creditor." *Southern Elec. Supply Co. v. Raleigh County National Bank,* 173 W.Va. 780, 320 S.E.2d 515 (1984). Importantly, the relationship between a bank and an individual who deposits money in the bank is not a fiduciary relationship. *See, e.g.*, *United States Fidelity & Guaranty Co. v. Home Bank*, 77 W. Va. 665, 88 S.E. 109 (1916) ("A deposit creates an ordinary debt, and not a privilege or right of a fiduciary character."). Here, Petitioners deposited money into the bank account at City National—therefore, the relationship is properly categorized as debtor and creditor. Because I find that there is no fiduciary duty on behalf of City National, I find that this claim also falls short under Rule 12(b)(6).

Finally, with regard to the aiding and abetting tortious interference counterclaim, this also must fail. The Petitioners, City National, and Mr. Beam were all parties to the contractual relationships at issue in this matter; however, the majority opinion fails to recognize that one cannot tortuously interfere with one's own relationship. *See Hatfield v. Health Management Associates of West Virginia*, 223 W. Va. 259, 267, 672 S.E.2d 395, 403 (2008) ("Because they were acting within the scope of their employment,

9

appellees Ms. Atkins and Ms. Ball were acting on the hospital's behalf-and, as our law is clear, the appellee hospital cannot be held liable for tortious interference with its own contract with the appellant.").   I agree with City National's assessment of this allegation. The parties in this case were all parties to the contract at issue, and this State's caselaw is clear that a party cannot interfere with its own contract.  Therefore, Petitioners have failed to allege a justiciable claim for aiding and abetting tortious interference.

Ultimately, contrary to the holding reached by the majority, I would have come to a different conclusion.  The checks and bank statements were properly considered by the circuit court, and the counterclaims at issue simply fail to state a claim upon which relief could be granted.  Accordingly, I would affirm the circuit court's order dismissing the counterclaims against City National because Petitioners have not adequately pled claims for breach of contract; breach of implied covenant of good faith and fair dealing; aiding and abetting breach of fiduciary duty; or aiding and abetting tortious interference. For these reasons, I respectfully concur, in part, and dissent, in part.  I am authorized to state that Chief Justice Armstead joins in this separate opinion.