IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2022 Term

_____

No. 21-0004

_____

FILED
April 25, 2022
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

DIANE SIGISMONDI JUDY,
Plaintiff Below, Petitioner,

v.

EASTERN WEST VIRGINIA COMMUNITY AND TECHNICAL COLLEGE,
Defendant Below, Respondent

_____

Appeal from the Circuit Court of Hardy County
The Honorable H. Charles Carl, III, Judge
Case No. 20-C-28

REVERSED AND REMANDED

_____

Submitted: January 12, 2022
Filed: April 25, 2022

Lonnie C. Simmons
DiPiero Simmons McGinley
& Bastress, PLLC
Charleston, West Virginia
Counsel for Petitioner

Harley O. Staggers Jr, Esq.
Keyser, West Virginia
Counsel for Petitioner

Evan S. Olds, Esq.
Pullin, Fowler, Flanagan, Brown & Poe,
PLLC
Martinsburg, West Virginia
Counsel for Respondent

JUSTICE WOOTON delivered the Opinion of the Court.

CHIEF JUSTICE HUTCHISON concurs and reserves the right to file a separate opinion.

JUSTICE ARMSTEAD concurs, in part, and dissents, in part, and reserves the right to file a separate opinion.

JUSTICE ALAN D. MOATS, sitting by temporary assignment, not participating.

1. "'"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).' Syllabus Point 1, *Barber v. Camden Clark Mem'l Hosp. Corp.*, 240 W. Va. 663, 815 S.E.2d 474 (2018)." Syl. Pt. 1, *Boone v. Activate Healthcare, LLC*, 245 W. Va. 476, 859 S.E.2d 419 (2021).

2. "'"The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).' Syllabus Point 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977)." Syl. Pt. 2, *Boone v. Activate Healthcare, LLC*, 245 W. Va. 476, 859 S.E.2d 419 (2021).

3. "'To the extent that governmental acts or omissions which give rise to a cause of action fall within the category of discretionary functions, a reviewing court must determine whether the plaintiff has demonstrated that such acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive in accordance with *State v. Chase Securities, Inc.*, 188 W.Va. 356, 424 S.E.2d 591 (1992). In absence of such a showing, both the State and its officials or employees charged with such acts or omissions are immune from liability.' Syl. Pt. 11, *W.Va. Reg'l Jail & Corr.*

*Facility Auth. v. A.B.*, 234 W.Va. 492, 766 S.E.2d 751 (2014)." Syl. Pt. 3, *W. Va. Bd. of Educ. v. Marple*, 236 W. Va. 654, 783 S.E.2d 75 (2015).

4.    "In order to make a prima facie case of employment discrimination under the West Virginia Human Rights Act, W.Va. Code § 5-11-1 *et seq.* (1979), the plaintiff must offer proof of the following: (1) That the plaintiff is a member of a protected class. (2) That the employer made an adverse decision concerning the plaintiff. (3) But for the plaintiff's protected status, the adverse decision would not have been made." Syl. Pt. 3, *Conaway v. E. Associated Coal Corp.*, 178 W. Va. 164, 358 S.E.2d 423 (1986).

5.    "The 'but for' test of discriminatory motive in *Conaway v. Eastern Associated Coal Corp.*, 178 W.Va. 164, 358 S.E.2d 423 (1986), is merely a threshold inquiry, requiring only that a plaintiff show an inference of discrimination." Syl. Pt. 2, *Barefoot v. Sundale Nursing Home*, 193 W. Va. 475, 457 S.E.2d 152 (1995).

WOOTON, Justice:

From April 2018 to May 2019, Petitioner Diane Sigismondi Judy ("Petitioner") was a commercial driver's license ("CDL") instructor for Respondent Eastern West Virginia Community and Technical College ("Respondent" or "Eastern"). In August 2020, Petitioner filed a complaint against Respondent alleging violations of the West Virginia Human Rights Act ("WVHRA" or "the Act"), West Virginia Code §§ 5-11-1 to -20 (2018), specifically that Respondent's decision to terminate her employment[1] was predicated upon illegal age and sex discrimination. Immediately thereafter, Respondent moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the West Virginia Rules of Civil Procedure, contending that: (1) Petitioner lacked the ability to bring a claim under WVHRA because she was not an "employee" under the Act; (2) Respondent was entitled to qualified immunity as a state agency; and (3) Petitioner failed to allege that but for her protected status she would not have lost her job. Petitioner amended her complaint but made no substantive changes to her claims. After a hearing on the motion to dismiss, the Circuit Court of Hardy County, West Virginia, granted Respondent's 12(b)(6) motion, finding that Respondent was entitled to qualified immunity and that

---

[1] We note at the outset that there is much debate as to whether Petitioner was an employee of Eastern or an independent contractor. While we use the term "employment" to refer to Petitioner's relationship with Respondent throughout this opinion, we unequivocally state that such reference is not to be construed as this Court's having ruled upon that disputed issue of fact.

1

Petitioner had failed to satisfy the heightened pleading standard invoked when immunities are implicated in civil actions. Petitioner appealed that order to this Court.

Because we find that Respondent was not entitled to qualified immunity under the WVHRA, and because we find that Petitioner's complaint sufficiently stated her claims, we reverse and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Respondent retained Petitioner as a CDL instructor on April 20, 2018. In December 2018, Petitioner expressed concerns to Eastern about the lack of bathroom facilities at the training site where she taught her classes, requesting placement of a portable toilet either at the site or on the trailer of the truck she used to train students. Respondent declined to accommodate her request, instead advising Petitioner to return to the main campus of the college for bathroom breaks and to discourage students from relieving themselves elsewhere.

On March 13, 2019, Petitioner stated she received a text message from Respondent, indicating that it was moving the truck she used for training from Hardy County to Tucker County. At this time, Petitioner informed Respondent she still wished to retain her position, even if it meant travelling to Tucker County for work. Though no specific timeframe is alleged, Petitioner averred that male students had made comments

2

that it could be a deterrent for Eastern to have a female CDL instructor teaching male students.

On March 23, 2019, Eastern informed Petitioner that she would no longer be teaching the CDL course and that it intended to sever her contract at the close of the current semester. Eastern also informed Petitioner that it had hired a replacement, an allegedly younger male instructor with less driving experience than Petitioner. Petitioner contended that Eastern never posted a job opening for the position on its website, nor was she given an opportunity to reapply for the position. She also asserts that she was not given a reason for her replacement. Ultimately, on April 17, 2019, Petitioner asked Eastern to reconsider its decision to replace her, but to no avail.

Thereafter, on August 18, 2020, Petitioner filed a complaint against Eastern alleging two violations of the WVHRA. In her first count, she asserted that Respondent "was motivated, in part, to discriminate against her in violation of West Virginia Code § 5-11-9 because she was a female." In support, she alleged that Eastern hired a nonmember of her protected class — a male — to replace her, and that "[a]s a direct result of [Respondent's] unlawful conduct, [she] has suffered and will continue to suffer economic harm, lost wages, loss of employment opportunities, emotional distress, embarrassment and humiliation which entitle [her] to damages[.]" Her second count also alleged a violation of § 5-11-9, but was predicated on age discrimination as she contended that her replacement was significantly younger.

3

Respondent filed a motion to dismiss the complaint, with prejudice, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. In support of this motion, Respondent contended that Petitioner could not bring a claim under the WVHRA because Petitioner's work with respondent "was governed by a series of Agreements for Professional Services,"[2] thus rendering her an independent contractor rather than an employee of Respondent. Further, Respondent contended that it was not unlawful to sever contractional relations with Petitioner, so its decision in that regard was not an "adverse decision" under the Act.

Respondent next argued that it was entitled to qualified immunity because it is a state agency. In support of this argument, Respondent contended that Petitioner had failed to demonstrate that Respondent's decision to stop contracting with her was a discretionary function or that such decision was in violation of clearly established statutory or constitutional rights or laws or was otherwise fraudulent, malicious, or oppressive. Finally, Respondent argued that, even if Petitioner established the foregoing, her complaint still did not amount to an actionable claim under the WVHRA because she did not plead facts that showed, but for her protected status, the decision to replace her would not have been made.

---

[2] These agreements are not part of the record on appeal.

After Respondent filed its motion to dismiss, Petitioner moved to amend her complaint and the circuit court granted that motion. Petitioner's amended complaint did not make any substantive changes other than to add that the recovery she sought was "limited to the applicable insurance coverage and the scope of the coverage and its exceptions." At the same time, Petitioner also opposed the motion to dismiss, alleging that she had established a prima facie case of age and sex discrimination under the WVHRA.

The circuit court, by order dated December 7, 2020, granted Respondent's motion to dismiss. In so doing, the circuit court concluded that Respondent was entitled to qualified immunity. In reaching this conclusion, the court determined that Respondent's decision not to contract with Petitioner was a discretionary function. The court further determined that although the WVHRA was a clearly established statutory law, Petitioner failed to demonstrate that Respondent had violated that law insofar as Petitioner failed to show an inference of discrimination. Finally, the circuit court found that Petitioner failed to establish that Respondent's actions were fraudulent, malicious, or oppressive. Petitioner now appeals that order to this Court.

## II. STANDARD OF REVIEW

This Court has held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 1, *Boone v. Activate Healthcare, LLC*, 245 W. Va. 476, 859 S.E.2d 419 (2021) (citing Syl. Pt. 1, *Barber v. Camden Clark Mem'l Hosp. Corp.*, 240 W. Va. 663, 815 S.E.2d 474 (2018)). We have further held that "[t]he

5

trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitled [her] to relief." *Boone*, 245 W. Va. at ___, 859 S.E.2d at 420, syl. pt. 2 (citing Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977)). In this regard, we have stated that courts must construe "the factual allegations in the light most favorable to the plaintiff[]." *Murphy v. Smallridge*, 196 W. Va. 35, 36, 468 S.E.2d 167, 168 (1996). With these standards in mind, we proceed to address the parties' arguments.

### III. ANALYSIS

Petitioner raises two assignments of error on appeal, asking: (1) whether losing a job constitutes an "adverse employment decision"; and (2) whether Petitioner's allegations that Respondent was motivated by her protected status to deny her the opportunity to reapply for her position sufficiently alleged a violation of the WVHRA. We find that resolution of this matter more appropriately hinges upon a simpler question: did Petitioner's complaint plead sufficient facts to survive a Rule 12(b)(6) motion to dismiss? To answer that question, we must determine whether the alleged immunities in this matter warrant the application of the heightened pleading standard this Court discussed in *Hutchison v. City of Huntington*, 198 W. Va. 139, 149-50, 479 S.E.2d 649, 659-60 (1996), and whether Petitioner established a prima facie case of employment discrimination under the WVHRA.

6

Before delving into the specifics of Petitioner's complaint, we find it beneficial to set out a brief overview of this Court's Rule 12(b)(6) jurisprudence. First, Rule 8 of the West Virginia Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Generally, we have explained that, to survive a motion to dismiss, "a pleading need only outline the alleged occurrence which (if later proven to be a recognized legal or equitable claim), would justify some form of relief." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 521, 854 S.E.2d 870, 883 (2020). Despite this seemingly low bar, we have cautioned that "'a plaintiff may not "fumble around searching for a meritorious claim within the elastic boundaries of a barebones complaint."'" *Boone*, 245 W. Va. at ___, 869 S.E.2d at 424 (quoting *Williamson v. Harden*, 214 W. Va. 77, 79, 585 S.E.2d 369, 371 (2003)). Rather, the complaint "must set forth enough information to outline the elements of a claim or permit inferences to be drawn that these elements exist." *Fass v. Nowsco Well Serv. Ltd.*, 177 W. Va. 50, 52, 350 S.E.2d 562, 563 (1986). Moreover, "a complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is." *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 776, 461 S.E.2d 516, 522 (1995). Finally, while the foregoing applies to most cases, we have held that a "heightened pleading standard" applies when immunities are implicated. *Hutchison*, 198 W. Va. at 149, 479 S.E.2d at 659.

We now turn to whether the alleged immunities in this case warrant the application of the heightened pleading standard. The circuit court decided this case on qualified immunity grounds. We have held that qualified immunities are implicated as follows:

> "To the extent that governmental acts or omissions which give rise to a cause of action fall within the category of discretionary functions, a reviewing court must determine whether the plaintiff has demonstrated that such acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive in accordance with *State v. Chase Securities, Inc.*, 188 W.Va. 356, 424 S.E.2d 591 (1992). In absence of such a showing, both the State and its officials or employees charged with such acts or omissions are immune from liability." Syl. Pt. 11, *W.Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 234 W.Va. 492, 766 S.E.2d 751 (2014).

Syl. Pt. 3, *W. Va. Bd. of Educ. v. Marple*, 236 W. Va. 654, 783 S.E.2d 75 (2015).

Petitioner's employment discrimination claims are predicated on West Virginia Code § 5-11-9(1) which states, in relevant part:

> It shall be an unlawful discriminatory practice, unless based upon a bona fide occupational qualification, or except where based upon applicable security regulations established by the United States or the State of West Virginia or its agencies or political subdivisions:
>
> (1) For any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required even if such individual is blind or disabled[.]

8

West Virginia Code § 5-11-3 further defines some of the relevant terms in that provision. Specifically, West Virginia Code § 5-11-3(h) states that "[t]he term 'discriminate' or 'discrimination' means to exclude from, or fail or refuse to extend to, a person equal opportunities because of race, religion, color, national origin, ancestry, sex, age, blindness, disability or familial status and includes to separate or segregate[.]" *Id*. West Virginia Code § 5-11-3(d) defines an "employer" as "the state, or any political subdivision thereof, and any person employing twelve or more persons within the state for twenty or more calendar weeks in the calendar year in which the act of discrimination allegedly took place or in the preceding calendar year[.]" *Id*. Finally, under West Virginia Code § 5-11-3(k), "the term 'age' means the age of forty or above[.]" *Id*.

Here, as it did below, Respondent contends that the circuit court correctly found that it is entitled to qualified immunity because, as a public college, it is a state agency or a political subdivision.[3] However, Respondent is mistaken. As stated in syllabus point three of *Marple*, a government entity has no qualified immunity where the plaintiff

---

[3] We have no doubt that public colleges and universities are part of the state. *See* W. Va. Code § 29-12A-3(e) (2018) (including colleges and universities in the definition of "State"). *See also* W. Va. Code § 18B-3E-2(a) (Repl. Vol. 2016) (establishing Eastern West Virginia Community and Technical College as a "state institution of higher education and as part of the state college system of West Virginia"). However, a cursory examination of the definition of "employer" set forth in the WVHRA explicitly includes "*the state, or any political subdivision thereof*[.]" *Id*. § 5-11-3(d) (emphasis added). By including this plain language, the Legislature has statutorily recognized that state entities may be subject to employment discrimination claims. Therefore, Respondent's contention that it is entitled to qualified immunity simply because it is a state agency is incorrect.

9

can demonstrate that the government entity's discretionary "acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known[.]" 236 W. Va. at 657, 783 S.E.2d at 78, syl. pt. 3, in part. Respondent cannot reasonably argue that the WVHRA — specifically West Virginia Code § 5-11-9(1) — does not constitute clearly established statutory law of which it should have known. As discussed herein, Petitioner pled facts demonstrating a violation of this clearly established law, so, per *Marple*, Eastern is entitled to no qualified immunity here. As such, because immunities are not implicated in this matter, a heightened pleading standard does not apply.

Moreover, while heightened pleading may be necessary in actions where immunities are implicated, we reiterate that "[a] plaintiff is not required to anticipate the defense of immunity in his complaint." *Hutchison*, 198 W. Va. at 150, 479 S.E.2d at 660 (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). The Court further explained in *Hutchison* that "if the individual circumstances of the case indicate that the plaintiff has pleaded his or her best case, there is no need to order more detailed pleadings. If the information contained in the pleadings is sufficient to justify the case proceeding further, the early motion to dismiss should be denied." *Id*. Here, as discussed *infra*, Petitioner's Amended Complaint clearly pled her best case, alleging not only a prima facie employment discrimination stemming from age and sex discrimination, but additional facts to bolster her claims. Further, the Amended Complaint as pled clearly demonstrated that Eastern was not entitled to a shield of immunity because the allegations arose from apparent violations

10

of clearly established statutory law. So, under the plain language of *Hutchison*, "heightened pleading" would not have been necessary in this case because Petitioner's Amended Complaint already contained sufficient detail to survive a motion to dismiss.

Therefore, the remaining question for this Court's resolution is whether Petitioner's Amended Complaint pled facts sufficient to satisfy the "short and plain statement" standard applicable when immunities are not implicated. All that was required was for Petitioner to allege a prima facie case of employment discrimination. In this regard, we have held that

> [i]n order to make a prima facie case of employment discrimination. . .the plaintiff must offer proof of the following: (1) That the plaintiff is a member of a protected class. (2) That the employer made an adverse decision concerning the plaintiff. (3) But for the plaintiff's protected status, the adverse decision would not have been made.

Syl. Pt. 3, *Conaway v. E. Associated Coal Corp.*, 178 W. Va. 164, 358 S.E.2d 423 (1986). We have since elaborated upon this holding by stating that "[t]he 'but for' test of discriminatory motive in [*Conaway*], is merely a threshold inquiry, requiring only that a plaintiff show an inference of discrimination." Syl. Pt. 2, *Barefoot v. Sundale Nursing Home*, 193 W. Va. 475, 457 S.E.2d 152 (1995).

We find *Barefoot* to be particularly instructive in the case at bar because the plaintiff in that case alleged facts that are strikingly similar to those alleged by Petitioner. In *Barefoot*, the plaintiff, a Native American woman, made an employment discrimination

11

claim against her employer, a nursing home, after the nursing home terminated her employment. The plaintiff alleged the following facts in support of her claim: (1) she was a member of a protected class as she was Native American; (2) she provided "competent, capable, and loyal service" to her employer; (3) she was discharged from her employment; and (4) she was replaced by someone not of her protected class. *Id*. at 485, 457 S.E.2d at 162. We found that "[t]hese facts, standing alone, create an inference of discrimination. If the decision is not explained, we would suspect the employer had an illicit motive; a fair and rational employer does not fire an employee who is performing adequately and then hire someone totally new to replace the discharged worker." *Id*. As such, we determined that the plaintiff had established a prima facie case of employment discrimination and, thus, that her complaint was sufficient to withstand a motion to dismiss. *Id*.

Similarly, in the case at bar, Petitioner has alleged facts giving rise to an inference of discrimination. Specifically, she alleged that she is a member of a protected class; in fact, she alleged she is a member of *two* protected classes as she is both female and over the age of forty. She then alleged that Eastern declined to permit her to reapply for her position or renew her contract, tantamount to a discharge,[4] and replaced her with a younger male — someone who was not a member of her protected class. At this stage,

---

[4] We reiterate that we are not determining today whether Petitioner was an employee or an independent contractor, as that determination is under the purview of the factfinder. Nor do we take this opportunity to address whether independent contractors may bring claims under the WVHRA. We simply find that Petitioner has pled sufficient facts to sustain her complaint in the face of a motion to dismiss.

12

three of the four factors considered in *Barefoot* are clearly satisfied; the only one that remains is whether Petitioner pled facts illustrating that she provided "competent, capable and loyal service to her employer." We easily determine that Petitioner did so, as she pled that she worked for Respondent for more than a year, that she was willing to travel to retain her position, and that the overall passage rate for her class was 99%. Construing these allegations in the light most favorable to Petitioner, there can be little doubt that Petitioner, at a minimum, met the threshold we set in *Barefoot*. As such, her Amended Complaint was sufficient to survive a motion to dismiss.

However, Petitioner went beyond what was required to establish a prima facie case of employment discrimination, going so far as to plead facts that bolster her claims. In particular, she pled that "[m]ale students made comments that it could be a deterrent to [Eastern] having a female teach men" and that her replacement — aside from being not of her protected class — had less driving experience. Both allegations, if true, cast serious doubt on whether Eastern's decision not to renew Petitioner's contract was based upon her qualifications rather than her status as a member of a protected class.

For the foregoing reasons, we have no trouble in determining that Petitioner has alleged sufficient facts to establish an inference of discrimination sufficient to sustain an employment discrimination claim in the face of a Rule 12(b)(6) motion to dismiss. The circuit court's conclusion to the contrary was clearly erroneous; accordingly, we are compelled to reverse that decision and remand this matter for further proceedings.

13

## IV. CONCLUSION

Based on the foregoing, we reverse the Circuit Court of Hardy County's December 7, 2020, Order Granting Defendant's Motion to Dismiss and remand this matter for further proceedings consistent with this opinion.

Reversed and remanded.